THE STATE v. EASTON, *Appellant.*

Division Two, March 10, 1897.

1. **Practice**: NEEDLESS INSTRUCTIONS: LAW OF THE CASE. Where the instructions given cover the case in all its material features, no error was committed in refusing others, although they may have been authorized by the evidence and predicated upon the law governing the case.

2. **Practice in Appellate Court**: NECESSARY CONDITIONS FOR AFFIRMANCE. Where the indictment is in the proper form, and the instructions fully present the case to the jury and are free from objection, and there is ample evidence to justify the verdict, this court will affirm the judgment of the trial court.

*Appeal from Johnson Circuit Court.*—HON. JAMES. H. LAY, Judge.

AFFIRMED.

*A. B. Logan* for appellant.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) Defendant's instruction, in which the jury were told to disregard the testimony of the witness,

Moon, was clearly wrong, and, therefore, properly denied. The second refused instruction, telling the jury to entirely disregard the testimony introduced for the purpose of affecting the general reputation of defendant, was also properly refused. Evidence of this character is properly admitted. When defendant testified, the jury were privileged to consider such evidence as affecting the credibility of his statements. *State v. Clinton*, 67 Mo. 380. When defendant elected to become a witness he left his position as defendant, and while on the stand was subject to the same rules and tests which could by law be applied to other witnesses. *People v. Connors*, 50 N. Y. 240; *People v. Fralich*, 65 Barb. 48; *State v. Breeden*, 58 Mo. 507. All unobjectionable and necessary propositions embodied in the remaining instructions offered on the part of appellant, being contained and accurately expressed in instructions given by the court of its own motion, no error was committed in refusing them. All necessary instructions warranted by the evidence were given; therefore, no error committed. (2) Appellant insists that error was committed by the court in giving instructions of its own motion. This duty is imperative on the court. *State v. Nelson*, 118 Mo. 126; R. S. 1889, sec. 4208. The appellate courts are slow to reverse the judgment on grounds of insufficiency of evidence. There must be a total failure of proof in order to warrant them in so doing. When an inference of guilt can reasonably be drawn, the court will not interfere on the ground of insufficiency of the evidence to support the verdict. *State v. Cantlin*, 118 Mo. 100. (3) The only manner in which defendant could take advantage of the alleged improper remarks of attorney Saddath, occurring as they did during the progress of the trial, was by properly excepting thereto and at the time saving his exceptions. *State v. Taylor*, 98 Mo. 240.

The record nowhere discloses the fact that exceptions were made to the remarks or that they were at the time brought to the attention of the trial court. Affidavits of what occurred in the presence of the court can not usurp or take the province or function of the record or bill of exceptions. Furthermore, affidavit filed several days after the argument of the case to the jury by counsel, to the effect that certain remarks were made, is not evidence that such remarks were made. The record and bill of exceptions should show that exceptions were taken to the remarks at the time they were made. The motion proper does not set out the language used by attorney Saddath. No error can be alleged against the indictment. It contains all necessary averments, and in plain and unambiguous terms informs defendant of the offense charged. *State v. Davidson*, 38 Mo. 374; *State v. Wilcoxen*, 38 Mo. 370; *State v. Montgomery*, 109 Mo. 646. The verdict is sufficient in law to sustain a judgment. *State v. Steptoe*, 65 Mo. 640. There is nothing defective upon the face of the record proper. Defendant had a fair trial and was found guilty. Nothing remains for this court to do but to affirm the judgment.

BURGESS, J.—At the April term, 1896, of the criminal court of Johnson county the defendant was convicted of robbery in the first degree and his punishment fixed at five years' imprisonment in the penitentiary, under an indictment theretofore returned by the grand jury of said county against him, and one Charles Morse, for having at said county on the twelfth day of November, 1895, robbed one S. S. Shoemaker of $40 or $45 in money, a watch valued at $30, and a railroad time check of the value of $25. From the judgment and sentence defendant appealed.

At the time of the robbery S. S. Shoemaker was a

merchant at the town of Chilhowee, in Johnson county; and on the night of November 12, 1895, at about 10 o'clock, while on his way, in company with McKinzey Gittings and Ben Rose, to the residence of Gittings' father, a short distance in the country, to remain overnight, as they were passing through a gate in a hedge fence, they were assaulted by three persons who were secreted by the fence, and Shoemaker and Gittings covered by revolvers, in the hands of two of the robbers, while one of them went through the pockets of Shoemaker and Gittings, and robbed Shoemaker of $40 or $45 in money, a watch valued at $30, and a railroad time check of the value of $25. Shoemaker did not recognize either of the robbers, who were disguised, having their faces covered with handkerchiefs, although acquainted with both defendant and Morse, who lived in the town where he did business. One of the robbers whom Gittings recognized from his general appearance, voice and dress as the defendant, struck him over the head with a pistol.

There was evidence upon behalf of defendant tending to establish an *alibi*, that is, that he was at home in Chilhowee, at the time of the robbery.

Defendant is not represented in this court.

In defendant's motion for a new trial the first two causes assigned therefor are, that the court erred in admitting illegal and incompetent testimony on the part of the State, and in excluding legal and competent evidence offered on the part of the defendant. So far as this contention is concerned it does not seem to be borne out by the record; if so, it has escaped our observation after a careful examination of the same. It is therefore untenable.

Other assignments are that the court erred in giving instructions upon the part of the State from 1 to 7, both inclusive, in giving instructions of its own

motion and in refusing instructions asked by defendant. The instructions given presented every phase of the case to the jury, in form often approved by this court, and free from objection.

As those given covered the case in all of its material features no error was committed in refusing instructions asked by defendant, although they may have been authorized by the evidence, and predicated upon the law governing the case.

There was ample evidence to justify the verdict.

The indictment is in proper form. Finding no reversible error in the record the judgment is affirmed. All concur.