RENO v. CITY OF ST. JOSEPH, Appellant.

Division Two, October 27, 1902.

1. **Personal Injuries:** DEFECTIVE SIDEWALK: NOTICE TO CITY: DATE OF CERTIFICATE: HOW SHOWN. Although the notary may omit the date from his certificate to the affidavit and notice required to be given to the city by one who desires to maintain an action for injuries caused by a defective sidewalk, yet the notice will not be defective if by other evidence it is shown that the notice was served within the proper time.

2. ———: ———: ———: SUFFICIENCY. The notice required by the statute to be served on the mayor of a city of the second class by one who wishes to maintain an action on account of injuries received from a defective sidewalk, is not required to state all the facts in relation to the sidewalk, and the claimant's injuries as fully as these facts are set forth in the petition in the suit subsequently brought, nor to state sufficient facts to show the liability of the city, but the notice is sufficient if it states only the time and place and the character and circumstances of the injury.

3. ———: ———: ICE ON SIDEWALK. A city is not liable for accidents occasioned by mere slipperiness caused by ice upon its sidewalk, but if the ice is so rough and uneven, or so rounded up, or at such an incline, as to make it an obstruction, and to cause it to be unsafe for travel with the exercise of ordinary care, then it is liable for injuries sustained by a pedestrian under such circumstances. Or when snow and ice are permitted to accumulate upon a sidewalk of a city, and are permitted to remain there until by the thawing and freezing they become an obstruction and the sidewalk unsafe for travel, and the city has knowledge thereof for a sufficient length of time before an accident and injury to one traveling thereon in the exercise of ordinary care, to remove the obstruction and fails to do so, it is liable for the consequent injuries to the pedestrian. In this case the ice and snow had accumulated on the sidewalk and the people in walking over it had trampled the snow down in the middle of the walk so that a ridge was formed from three to six inches high, and from one foot to eighteen inches wide, and sloping from the center towards the edge or side of the ridge, and the thawing and freezing made the ridge slippery, rough and uneven, and the sidewalk had been in this condition for thirty days

before the plaintiff pedestrian in the exercise of ordinary care, in attempting to cross over the sidewalk, stepped on the ridge, slipped and fell. *Held,* that the city is liable for her consequent injuries.

4. **Evidence:** NOT RESPONSIVE: EXCLUSION. If evidence of injuries which are not set forth in the petition or in the notice to the city is not only admitted without objection, but is thereafter on motion ruled out, there is no merit in a contention that such evidence should have been excluded.

5. **Demurrer to Evidence.** A demurrer to the evidence should not be sustained if there is sufficient evidence to take the case to the jury.

6. **Instructions:** EXACTNESS REQUIRED THEREIN: ESSENTIAL FACTS. The facts necessary to authorize a recovery need not be stated with the same exactness in instructions as in pleadings. If an instruction be so drawn as to predicate the right to recovery upon a portion only of the facts constituting the cause of action, it will, nevertheless, be held sufficient, if, in view of all the evidence, the court can say that the other essential facts necessarily follow those required by the instruction to be found. And in this case it is *held* that the fact that plaintiff was injured on the sidewalk where snow and ice had accumulated, and that as a result of the thawing and freezing and the tramping thereon by pedestrians, a ridge had formed in the center thereof which sloped on either side, making it dangerous and unsafe for pedestrians to travel thereon, and that plaintiff in stepping upon the ridge slipped and fell and was injured, substantially embraces the fact that she was injured by reason of the unsafe condition of the sidewalk.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*Kendall B. Randolph* for appellant.

(1) The trial court erred in refusing to give to the jury the instruction in the nature of a demurrer to the evidence offered by defendant at the close of the plaintiff's testimony. There was no evidence that the ridge of ice on the sidewalk caused plaintiff to fall. The plaintiff herself testified that she fell because she slipped on the slick ice. Mueller v. Mil-

waukee, 5 Munic. Corp. Cases, 662; also reported in 86 N. W. 162; Reedy v. St. Louis Brewing Association, 161 Mo. 523; Baustian v. Young, 152 Mo. 317. (2) The court erred in admitting in evidence, over the defendant's objection, the notice to the city. It does not comply with the statute. It does not allege an obstruction or a rough and uneven surface. It does not state any condition of negligence on the part of the city, and negatives any such idea by saying she slipped and fell. The jurat bears no date. R. S. 1899, sec. 5724. (3) The evidence as to the fractured bone should have been excluded. There was no such issue in the pleadings, nor in the notice to the city. The proposition that plaintiff can only recover on the cause of action made by the pleadings is elementary and needs no citation of authorities. (4) Instruction 1 given for plaintiff does not correctly state the law. It leaves out of consideration the necessary element that the fall must have been caused by the defective condition of the sidewalk. Moore v. Streigel, 50 Mo. App. 308; Greer v. Parker, 85 Mo. 107; Woddingham v. Hulett, 92 Mo. 535; Birtwhistle v. Woodward, 95 Mo. 117; Willmott v. Railroad, 106 Mo. 535. (5) Instruction 2 fails to properly instruct the jury that the city is entitled to a reasonable time in which to remove snow and ice from its walks after having had a reasonable time in which to discover the defect. Badgley v. St. Louis, 149 Mo. 133; Reedy v. St. Louis Brewing Ass'n, supra; Baustian v. Young, supra; Carvin v. St. Louis, 151 Mo. 334. (6) Instruction 4 entirely leaves out of consideration the fact that plaintiff knew the condition of the sidewalk, and in effect tells the jury that that fact makes no difference in her right to recover, or the degree of care required of her. Phelps v. City of Salisbury, 161 Mo. 1. (7) Instruction 6 allows a recovery for a fractured bone, when there was no such issue made by the pleadings or mentioned in the notice to the city. (8) Refused instructions 1 and 2, or at least one of them, should have been given.

These instructions clearly state the law applicable to this case, and are fully supported by the evidence introduced by plaintiff.    Cohn v. City of Kansas, 106 Mo. 387; Sindlinger v. City of Kansas, 126 Mo. 315; Madison v. Railroad, 60 Mo. App. 599; Phelps v. City of Salisbury, supra.

*Dickson & Dickson, J. M. Wilson, Grant R. Watkins* and *H. S. Kelley* for respondent.

(1) The notice was signed by the plaintiff, and was sworn to by her before a notary public, and his jurat so certifies, but he omits to date the certificate.    The date was not essential.    The notice was sworn to before it was served on the mayor, and it was served within the sixty days, as required by the statute.    "An affidavit is an oath in writing; and to make affidavit to a thing is to testify it upon oath.    An affidavit, generally speaking, is an oath in writing sworn before some person who hath authority to administer such oath." 1 Jacob's Law Dic., p. 60.    It means an oath reduced to writing.    State v. Headrick, 149 Mo. 396; 1 Ency. Pl. and Pr., 309; 1 Am. and Eng. Ency. (2 Ed.), 909, and cases cited; same (1 Ed.), p. 307; Hargadine v. Van Horn, 72 Mo. 371.    (2) The notice is only required to state the time and place and the character and circumstances of the injury. As to the character of the injury, the notice states that she slipped and fell and was permanently injured, and that said injuries consist of wounds and bruises of the sciatic nerve of the left hip and thigh.    This informs the mayor and the city of the fact that her left hip and thigh was injured. The object of the notice is to inform the city authorities of the time and place and circumstances of the injury, so that they may investigate the matter and learn the facts and be prepared to meet the charge or defend the claim.    If there was no intention to mislead, and the defendant was not actually misled, with respect to the time and place and circumstances of the injury, the purpose of the notice was accom-

plished. Hughes v. City of Lawrence, 160 Mass. 474; Dalton v. Salem, 136 Mass. 278. (3) An instruction to the jury need not state the grounds upon which the plaintiff may recover with the same particularity required in stating the cause of action in a petition (Moore v. Railroad, 73 Mo. 438), nor was it intended that the notice to the mayor should state a cause of action, or all the facts which go to show the liability of the city. Its purpose is simply to call the attention of the city to the fact that an injury had occurred and when, where and how, and what caused it. But this notice does substantially state a condition of the sidewalk which would render it unsafe and make the defendant liable. The "injury occurred by reason of snow and ice being allowed to accumulate and remain on the sidewalk." It has been held that a condition of mere slipperiness upon a well-constructed sidewalk, due to natural causes alone, and not to an accumulation of ice and snow, did not constitute a defect in the way. Stanton v. Springfield, 12 Allen 566; Billings v. Worcester, 102 Mass. 329; Hughes v. City of Lawrence, supra. (4) The appellant claims in the fourth point that the evidence as to the fractured bone should have been excluded. It was excluded. (5) (a) The conclusion is irresistible that the snow and ice occasioned the injury, and that it had been permitted to form a high ridge in the center of the sidewalk, which constituted a defect which made it unsafe and dangerous. Huston v. Council Bluffs, 101 Iowa 33; Collins v. Council Bluffs, 32 Iowa 324; Broburg v. Des Moines, 63 Iowa 523; Cook v. Milwaukee, 24 Wis. 274. (b) Appellant's fifth point in the brief is, that instruction 1, given for plaintiff, leaves out the necessary element that the fall must have been caused by the defective condition of the sidewalk. If the snow and ice constituted a defect and rendered the sidewalk unsafe, and plaintiff slipped and fell while she was walking on the sidewalk where it was so defective, etc., what caused her to fall? She slipped on the ice where it formed

in a ridge or uneven surface. The criticism of appellant is hypercritical. Moore v. Railroad, supra.

BURGESS, J.—This is an action for damages alleged to have been sustained by plaintiff on the thirtieth day of January, 1898, by slipping and falling on the sidewalk on Eighteenth street in defendant city.

At the time of the accident the snow and ice had accumulated on the sidewalk and the people in walking over it had tramped the snow down in the middle of the walk so that a ridge was formed from three to six inches high, and from one foot to eighteen inches wide, and sloping from the center toward the edges or sides of the ridge, and the thawing and freezing made the ridge of snow and ice slippery, rough and uneven. It had been in that condition for about thirty days —all through the month of January. On that day the plaintiff and her daughter, Minnie Reno, and her neighbor, Mrs. Moran, and her daughter May Moran, passed down and over said street. As they returned home they walked upon the sidewalk in question; they were traveling along in single file, one after another, the plaintiff in the rear, following along or behind the others who led the way. They had traveled some blocks on the sidewalk and experienced no difficulty, before they came to the walk where plaintiff fell, but when they came to this particular piece of sidewalk, going north, the plaintiff, in attempting to pass over it, stepped on the ridge of snow and ice and slipped and fell down, her feet going out towards the east side of the walk and her head toward the west, striking her hip and thigh on the ridge across which she fell, and thereby received the injuries to the sciatic nerve complained of, disabling and crippling her for life. She was picked up and carried home, and was confined to her bed several weeks, suffering excruciating pain by reason of the injury to the sciatic nerve.

The accident happened on January 30, 1898; the plain-

tiff served a notice upon the mayor on March 24, 1898, within sixty days of the occurrence, stating the time when and the place where the injury occurred, and the character and circumstances of the injury, and that she would claim damages from the city for said injuries.    This notice was in writing and verified by the plaintiff's affidavit.

At the conclusion of plaintiff's evidence the defendant asked the court to instruct the jury as follows:

"The court instructs the jury that under the pleadings and evidence in this case the plaintiff can not recover, and your verdict will be for the defendant."

The court refused said instruction, to which action of the court defendant then and there at the time excepted.

After all of the evidence was in the court, on behalf of the plaintiff, instructed the jury as follows:

"1.    The court instructs the jury that it was the duty of the city defendant to keep its sidewalk in a reasonably safe condition for travel thereon in the ordinary modes, by day or by night, and if the jury believe from a preponderance of the evidence that by reason of the accumulation of snow and ice and the formation of a ridge or rough and uneven surface on the sidewalk of snow and ice at the time and place where plaintiff claims to have been injured on the west side of North Eighteenth street in front of house No. 1008 in the city of St. Joseph, the said sidewalk had become and was in an unsafe condition for travel thereon by day or night, and that defendant's corporate authorities knew or might by the exercise of ordinary care and diligence have known of the unsafe condition thereof in a reasonable time to have removed said snow and ice and repair said walk before the alleged injury of the plaintiff and that while plaintiff was walking on said sidewalk where it was so defective and unsafe, she slipped and fell down upon the sidewalk without fault or want of ordinary care on her part, and she was thereby injured, then the jury must find for the plaintiff, although

the jury may further believe from the evidence that plaintiff knew of the alleged defect in said sidewalk, or condition thereof.

"2. The court instructs the jury that if they believe from the evidence that snow had fallen upon the sidewalk and persons traveling on said sidewalk packed it down so that it formed a ridge or rough and uneven surface on the sidewalk and in consequence thereof said sidewalk was not reasonably safe for travel thereon in the ordinary modes, then it was out of repair and defective within the meaning of the instructions in this case, and if said defective condition of the sidewalk had existed for such length of time prior to the alleged injury of plaintiff that the corporate authorities of the city could and ought to have known its condition, in the exercise of ordinary care and diligence, in a reasonable time to have repaired the same by removing said ice and ridge before the alleged injury to plaintiff, and failed to do so, then the city was negligent and is responsible in damages for any injury that may have been caused to plaintiff by reason thereof, provided plaintiff was in the exercise of ordinary care herself.

"3. The jury are instructed that if they believe from the evidence that the sidewalk in question was unsafe by reason of the accumulation of snow and ice on said sidewalk as mentioned in other instructions herein at the time and place when and where plaintiff claims to have been injured, and that it had been so unsafe for such length of time as by reasonable diligence and care in the performance of their duties its condition ought to have been known by the corporate authorities in a reasonable time to have removed the said snow and ice therefrom before said alleged injury to plaintiff; then notice to defendant of its condition will be presumed and proof of actual knowledge thereof upon the part of said corporate authorities will not be necessary, and if said sidewalk were permitted to be and remain unsafe under such

circumstances, then the said corporate authorities were negligent and the defendant city is responsible for said negligence.

"4.   Unless the jury believe from all the evidence, facts and circumstances in proof that plaintiff was guilty of some act of negligence which an ordinarily prudent person would not have done under similar circumstances in the use of said sidewalk which contributed proximately toward causing said injury to plaintiff, the jury should not find against the plaintiff on the ground of contributory negligence set up in the defendant's answer; and although plaintiff may have known the condition of the sidewalk, the law did not require of her the exercise of extraordinary care in passing and traveling on said walk, but only that she exercise such care and prudence as an ordinarily prudent person would have exercised under like circumstances.

"5.   The jury are instructed that they are the judges of the evidence and credibility of the witnesses, and may give to the testimony of any witness such weight as they may deem it entitled to under all the facts and circumstances in proof, and in determining what weight they will give to the testimony of any witnesses and in reconciling the conflicting testimony, if there be any, the jury are not confined alone to the statements of the witnesses, but may take into consideration their own experience and observations in the common affairs of life.

"6.   If the jury find for the plaintiff, they will assess her damages at such sum as they believe from the evidence will compensate her for the injuries sustained by her as shown by the evidence, if any, and in estimating such damages the jury will take into consideration not only the physical injury inflicted, the bodily pain and mental anguish endured and suffered, if any, and her inability by reason of said injuries to perform her ordinary avocations of life, but may also allow for such damages as it appears from the evidence as to the nature and extent of her injuries will

reasonably result to her therefrom in the future, not to exceed in all the sum of ten thousand dollars."

. To which action of the court in giving said instructions on behalf of the plaintiff, numbers one to six inclusive (except as to instruction number 5) and each of them, defendant at the time excepted.

Whereupon the court at the instance of the defendant instructed the jury as follows:

"1.   If you believe from the evidence that plaintiff was injured on a board sidewalk and not on the brick sidewalk in front of 1008 North Eighteenth street, then your.verdict must be for the defendant.

"2.   If the jury believe from the evidence that the plaintiff knew that the sidewalk in question was in a dangerous and unsafe condition by reason of an accumulation of ice and snow thereon and that knowing such facts, she was walking along said sidewalk without exercising the care and caution that a reasonably prudent person would have used under like circumstances, and slipped and fell and was thereby injured, then your verdict must be for the defendant.

"3.   If you believe from the evidence that the defendant was guilty of contributory negligence, then your verdict must be for the defendant.   On the question of contributory negligence, you are instructed that even though you may believe from the evidence that the sidewalk in question was in a defective, dangerous or unsafe condition, caused by the accumulation of ice and snow, which made the surface of said sidewalk uneven and irregular, yet, if you further believe from the evidence that plaintiff while walking along and over said sidewalk was not using such care and caution in looking out for her own safety as a reasonably prudent person would have been using under like circumstances, then she is guilty of contributory negligence and can not recover in this case, no matter how much snow or ice may have been upon the sidewalk and no matter how or in what shape it may have

formed or accumulated, and no matter how negligent· you may believe the defendant might have been in failing to remove the same.

"4.    The jury are instructed that the defendant city is under no obligation to the traveling public, who may use its streets and sidewalks, to remove from its sidewalks snow and ice which produces a slippery condition only; nor is it responsible for injuries sustained solely by reason of any of its. sidewalks being in a slippery condition.    If, therefore, you believe from the evidence in this case that the sidewalk in question where plaintiff was injured, was in. a slippery condition only, on account of such snow and ice, and that snow and ice had not accumulated in uneven or irregular masses or ridges, and that plaintiff was injured by reason of the fact that said sidewalk was in such slippery condition, then your verdict must be for the defendant.

"5.    Before you can find a verdict for the plaintiff, you must not only believe from the evidence that the snow and ice had been allowed to accumulate on the sidewalk in question in uneven or irregular masses or ridges, so as to make ·the same unsafe and dangerous to people traveling thereon, but you must further find from the evidence that such dangerous and defective condition was known to the city or had existed for such a length of time that the city by the exercise of ordinary diligence could have known such fact and removed the same prior to the time plaintiff was injured, and unless you so find, your verdict must be for the defendant.

"6.    The court instructs the jury that there is no evidence in this case that the sidewalk in question was improperly constructed or that it was so constructed as to accumulate an unusual amount of ice and snow.

"7.    If the jury believe from the evidence that prior to the time the plaintiff was injured, the snow or ice which had fallen or accumulated on the brick sidewalk mentioned in · evidence had been removed in the ordinary way with a

shovel or other instrument and that at the time of the injury no snow or ice remained on said sidewalk except such as adhered to the sidewalk on account of having been tramped down and packed by the travel of pedestrians and which could not be removed by the exercise of such means as ordinarily prudent persons would employ under such circumstances, and that the plaintiff slipped and fell on such snow or ice remaining on said sidewalk, then the defendant is not liable and your verdict must be for the defendant.

"8. You are instructed that the burden is on the plaintiff of establishing by a preponderance of all of the evidence that the sidewalk in question was in a dangerous or defective condition by reason of snow or ice having been permitted to accumulate and remain thereon in uneven ridges or masses, and that the city had notice of such condition or that such condition had existed for a sufficient length of time for the city by the exercise of ordinary diligence to have known such fact, and to have removed the same, and unless such facts are established to your satisfaction by a preponderance of all the evidence, then your verdict should be for the defendant."

And the court refused the following instructions asked by the defendant.

"1. If you believe from the evidence that the plaintiff in passing over Eighteenth street on the evening of the injury, avoided the sidewalk where she claims to have been injured, because she knew and believed it was in a slippery or dangerous condition, and that afterwards on the same evening she walked over the said sidewalk without looking where she was walking, then she is guilty of contributory negligence, and your verdict will be for the defendant.

"2. If you believe from the evidence that the plaintiff in passing over Eighteenth street on the evening of the injury avoided passing over the sidewalks of said street because she knew and believed the same was in a slippery and dangerous condition and that afterwards on the same evening she walked

over the sidewalk where she was injured without looking where she was walking then she was guilty of contributory negligence, and your verdict must be for the defendant.

"4.   You are instructed that there is no evidence in this case that snow and ice had been permitted to accumulate on the sidewalk in question so as to form an obstruction and your verdict will be for the defendant.

"5.   You are instructed that under the law and the evidence your verdict must be for the defendant."

To which action of the court in refusing said instructions and each of them asked by the defendant, the defendant at the time excepted.

The jury returned into court the following verdict:

"We, the jury, find for the plaintiff in the sum of four thousand and five hundred and forty dollars."

In due time the defendant filed its motion for a new trial, which being unavailing, it appeals.

It is argued by defendant that as the allegation in the petition with respect to plaintiff's injury, is, that she "is and was thereby greatly bruised and injured about and upon her body and limbs, injuring and bruising the sciatic nerve along the left hip and thigh and bruising and causing an enlargement of the bones of the left hip by reason whereof," etc., the notice to the city required by section 5724, Revised Statutes 1899, does not correspond with the allegations of the petition as to the injury, and was therefore improperly admitted in evidence.

In order to maintain an action against a city of the second class on account of injuries caused by a defective sidewalk, the statute (sec. 5724, supra) requires the injured person to give notice in writing, verified by affidavit, to the mayor within sixty days of the occurrence, stating the place where and the time when such injury was received, and the character and circumstances of the injury, and that such person will claim damages therefor from such city.

The notice with respect to the injury is as follows: "I slipped and fell and was permanently injured; said accident occurred by reason of snow and ice being allowed to accumulate and remain on said sidewalk; said injuries consist of wounds and bruises of the sciatic nerve of my left hip and thigh."

The affidavit to the notice was signed and sworn to by plaintiff before a notary public who so certified under seal of office, but he neglected to date his certificate, and because of his failure to do so it is insisted that the notice was defective. It was, however, admitted by the parties to the action during the trial that the notice which was then presented was a copy of the notice served on the mayor of the defendant city; and A. S. Dickson testified that he served it in person on March 29, 1898, which was within sixty days after the injury occurred.

Our conclusion is that the date of the service of the notice was sufficiently shown, and that this contention is untenable.

It is also urged that the notice does not state all the facts in relation to the sidewalk and plaintiff's injury, as fully as these matters are stated in the petition, nor sufficient facts to show the liability of the city. The notice is only required to state the time and place and the character and circumstances of the injury. It is intended for the benefit of the city in order to put its officers in possession of the salient facts upon which the claim for damages is predicated, and the place where the injury is alleged to have occurred, in order that they may investigate them, and thereby ascertain whether the claim be a just one or fictitious and fraudulent, and to this end it was not necessary that the injury to its fullest extent, scope and effect be set forth in the notice, but a substantial compliance with the statute was all that was necessary. It is not claimed that the notice was intended to deceive.

In Dalton v. Salem, 136 Mass. 279, it was said: "The purpose of the notice was to give the city such information as would enable it to investigate the cause relied upon; and, if it was sufficient for this purpose, it was sufficient as a condition precedent to maintaining the action. [Lowe v. Clinton, 133 Mass. 526.] The notice states, as the cause of the injury, a fall 'consequent upon the icy and slippery condition of the said sidewalk.' It is true that a sidewalk may be icy and slippery, without being defective. [Stanton v. Springfield, 12 Allen 566.] It is equally true that the ice on a sidewalk may be in such form as, combined with its slipperiness, renders the way defective. [Luther v. Worcester, 97 Mass. 268.] It was not necessary that the notice should designate the cause of the injury as a defect. [Savory v. Haverhill, 132 Mass. 324.] And it should not be construed with technical strictness. [Spellman v. Chicopee, 131 Mass. 443.] We are of opinion that the notice in this case called the attention of the city with sufficient distinctness to the cause relied upon to answer the purpose required; and that it was not necessary that it should state with such particularity the form of the ice as to show that it was necessarily a defect."

It may be conceded that a city is not liable for accidents occasioned by mere slipperiness caused by ice upon its sidewalk, but if the ice is so rough and uneven, or so rounded up, or at such an incline as to make it an obstruction, and to cause it to be unsafe for travel with the exercise of ordinary care, then it is liable for injuries sustained by a pedestrian under such circumstances. [Broburg v. City of Des Moines, 63 Iowa 523; Cook v. City of Milwaukee, 24 Wis. 270; City of Chicago v. McGiven, 78 Ill. 347; Henkes v. City of Minneapolis, 42 Minn. 530; Chase v. City of Cleveland, 44 Ohio St. 505; Calder v. The City of Walla Walla, 6 Washington 377.] Or when snow and ice are permitted to accumulate upon a sidewalk of a city, and are permitted to

remain there until by thawing and freezing they become an obstruction and the sidewalk unsafe for travel, and the city has knowledge thereof for a sufficient length of time before an accident and injury occurs, to one traveling thereon in the exercise of ordinary care, to remove the obstruction and fails to do so, it will be held to respond in damages for the injury.   [Huston v. City of Council Bluffs, 101 Iowa 33.]

The evidence was conflicting as to the length of time snow and ice had accumulated on the sidewalk, before the accident and by freezing and thawing had become unsafe for travel—that on behalf of plaintiff tending to show about thirty days, and that by pedestrians walking in the middle of the walk a ridge was formed from three to six inches high and from one foot to eighteen inches wide and sloping from the center toward the edges or sides of the ridge which was slippery, rough and uneven, and that plaintiff in attempting to pass over it stepped on the ridge of snow and ice, fell down, striking her hip and thigh on the ridge, thereby causing the injury.

During the trial Dr. Potter, a witness for plaintiff and who treated her for her injuries, stated that he found an impacted fracture of the neck of the femur on the left side, and that when he saw her the last time he made a thorough examination again, and found that the fragments had been separated at the head of the femur.   It is claimed by defendant that this evidence should have been excluded because no such issue is made by the pleadings, or the notice to the city.   With respect to this contention the record shows that this evidence was not only admitted without objection, but that it was thereafter ruled out on motion of defendant.   It follows that there is no merit in this contention.

Nor is there merit in the claim that the court erred in its refusal to give the instruction in the nature of a demurrer to the evidence at the close of the plaintiff's evidence, nor at

Vol 169 mo—42

the close of all the evidence, upon the ground that there was no evidence that the ridge of snow and ice on the sidewalk caused plaintiff to fall, as there was an abundance of evidence upon this question to take the case to the jury.

Instruction number 1 given on the part of plaintiff is criticised upon the ground that it authorized a recovery whether the fall was caused by the defective condition of the sidewalk or not, that being essential to plaintiff's recovery. In Moore v. Railroad, 73 Mo. 438, it was ruled that the facts necessary to authorize a recovery need not be stated with the same exactness in instructions as in pleadings. If an instruction be so drawn as to predicate the right of recovery upon a portion *only* of the facts constituting the cause of action, it will, nevertheless, be held sufficient, if, in view of all the evidence, the court can say that the other essential facts necessarily follow those supposed to be found. The fact that plaintiff was injured on the sidewalk where snow and ice had accumulated and a ridge formed in the center thereof which sloped on either side making it dangerous and unsafe for pedestrians to travel upon, and that plaintiff stepping upon the ridge, slipped and fell and was injured, substantially embraces the fact that she was injured by reason of the unsafe and dangerous condition of the sidewalk. The jury having found the facts stated in the instructions, the other fact, that is, that plaintiff was injured by reason of the dangerous and unsafe condition of the sidewalk, was necessarily implied therefrom, in the absence of evidence to the contrary. As was said in Moore's case, supra, "Instructions are to be considered with reference to all the evidence in the case. Nothing would have been gained by defendant if what he asked had been inserted in the instructions; for no court or jury would hesitate for a moment, if the facts required to be found by the instructions were found, then to infer the other facts from them, if, as here, there was no evidence to the contrary. The inference is so natural and

irresistible that no injury could have resulted to defendant from the omission he complains of."

So with the case at bar, no court or jury would hesitate for a moment, if the facts presented by this instruction were found, to infer that the injury was occasioned by reason of the obstruction upon the sidewalk.

The same may be said with respect to plaintiff's second instruction, which is also challenged.

It is insisted that refused instructions numbered one and two should have been given. They were correctly refused, we think, because of the want of evidence upon which to base them. Moreover, the same proposition is covered by the second and third instructions given in defendant's behalf, and it has always been held by this court that where an instruction given covers any material point involved therein, it is not error to refuse an instruction covering the same question, however correct it may be in announcing the law with respect to the same question. [West v. West, 144 Mo. 119; State v. Easton, 138 Mo. 103.]

While some of the challenged instructions are somewhat inartistically drawn, they did not, we think, mislead the jury as their verdict was manifestly for the right party.

The judgment is affirmed. All concur.