JOHN F. PETERS, Respondent, v. CITY OF ST. JOS-
EPH, Appellant.

Kansas City Court of Appeals, April 2, 1906.

MUNICIPAL   CORPORATIONS:   Insufficient Sidewalk:   Snow:
Damages.   This case is affirmed upon authority of Reno v.
same defendant, 169 Mo. 642; and the case of Reedy v. Brew-
ing Association, 161 Mo. 523, is held inapplicable.

Appeal from Buchanan Circuit Court.—*Hon. Chesley-A.
Mosman,* Judge.

AFFIRMED.

*Edwin M. Spencer* and *Wm. B. Norris* for appellant.

(1) The demurrer offered by the defendant at the
close of the case and after all the evidence was introducd,
should have been sustained.   This case clearly comes
within the ruling of the Supreme Court in reference to
the liability of municipalities in Missouri, in what is
known as "snow and ice cases," where the ground is gen-
erally covered with snow and ice.   Reedy v. Brewing As-
sociation, 161 Mo. 523.    (2)   If the snow and ice had
accumulated on the sidewalk forming an irregular and
slippery mass, and if the sidewalk had become in an un-
safe condition for travel, under this instruction, the jury
were told that the plaintiff could recover.   This is not
the law.   Reedy v. Brewing Association, 161 Mo. 523.
Robertson v. Railroad, 152 Mo. 392.

*Motter & Shultz* for respondent.

(1)   The demurrer offered by defendant after all
the evidence was introduced in this case was properly
overruled by the trial court.   When ice or snow has
been suffered by the city to accumulate upon its side-

walks so as to become rough and uneven or to form an irregular and slippery mass and thereby cause it to be unsafe for travel with the exercise of ordinary care then it is liable for injuries sustained by a pedestrian under such circumstances. Reno v. St. Joseph, 169 Mo. 656; Norton v. St. Louis, 97 Mo. 537; Squires v. Kansas City, 100 Mo. App. 628; Blackwell v. Hill, 76 Mo. App. 51; Owens v. Railroad, 95 Mo. 181.

ELLISON, J.—The plaintiff fell upon one of defendant's sidewalks and was seriously injured. He brought this action for damages and recovered judgment in the trial court.

There was a heavy fall of snow in the city of St. Joseph on the 7th of February, 1905, and a light fall on the 8th and 9th, and at noon of the last date plaintiff fell while walking along at a place as much or more used by pedestrians than any other part of the city. The evidence does not show the cause in a sufficiently satisfactory way for as clear a statement of the facts as we would like. As we gather from the record, pedestrians had made a path in the snow, one witness said wide enough for two to pass. That this path was made by packing the snow into a hard and compact mass of snow or ice, such as will come about from tramping snow in freezing weather. There was evidence tending to show that plaintiff was in the exercise of ordinary care and that he fell without any fault upon his part.

The case is much like that of Reno v. St. Joseph, 169 Mo. 642, and the instructions complained of come near being a literal copy of those given in that case. We have noted the instances in which there was a change of phraseology, but find that such change was of no practical or substantial character. We think also there was no error committed as to the measure of damages.

Defendant cites the case of Reedy v. Brewing Assn., 161 Mo. 523, in support of its theory of defense; but that case is altogether unlike the one at bar, which, as before

stated, is controlled in all essential particulars by the Reno case. Finding no cause for interference, we affirm the judgment. All concur.