## WILLIAM A. QUARLES, Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, May 31, 1909.

1. **MUNICIPAL CORPORATIONS: Defective Sidewalks: Ice and Snow: Notice: Evidence.** The evidence relating to the accumulation of ice and snow upon a sidewalk, so as to render it unsafe for travel, is reviewed and held to show that the dangerous condition existed long enough to furnish notice to the city, and that criticisms of instruction are not well taken. [Vonkey v. St. Louis, 219 Mo. 37, distinguished.]

2. ——: ——: ——: **Evidence.** Certain evidence relating to a board and a granitoid walk is held harmless, and that the city could not object since it first brought such evidence into the case.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*Edwin C. Meservey,* City Counselor, *Chas. H. Thompson,* Assistant City Counselor, for appellant.

(1) The court erred in overruling defendant's demurrer at the close of plaintiff's testimony and in failing to give defendant's peremptory instruction at the close

of all the testimony. Reedy v. St. Louis, 161 Mo. 523; Tobin v. Waterloo, 131 Ia. 75, 107 N. W. 1031; Quinlan v. Kansas City, 104 Mo. App. 616; Harrington v. Buffalo, 121 N. Y. 147, 24 N. E. 186; Manschevik v. Cline, 100 Pa. St. 118; Reno v. St. Joseph, 169 Mo. 642; Henkes v. Minneapolis, 42 Minn. 530; Aurora v. Parks, 21 Ill. App. 459; Hyer v. Janesville, 101 Wis. 371, 77 N. W. 729; Dapper v. Milwaukee, 107 Wis. 88, 82 N. W. 725; Tobin v. Waterloo, 131 Ia. 75, 107 N. W. 1031; Smart v. Kansas City, 91 Mo. App. 586; Smillie v. Dollar Store, 47 Mo. App. 406; Warner v. Railroad, 178 Mo. 125; Taylor v. Yonkers, 11 N. E. 642; Glick v. Railroad, 57 Mo. App. 97. (2) The court erred in giving plaintiff's instruction number 1. Squiers v. Kansas City, 100 Mo. App. 630; Robinson v. Railroad, 152 Mo. 382. (3) The court erred in giving plaintiff's instruction number 2. Badgley v. St. Louis, 149 Mo. 122; O'Shaugnessey v. Middleport, 86 N. Y. S. 944. (4) The court erred in admitting incompetent evidence over the objection of defendant. Chitty v. Railroad, 148 Mo. 64; Hesselbach v. St. Louis, 179 Mo. 505; Waldheir v. Railroad, 71 Mo. 514; Peterson v. Railroad, 211 Mo. 498; Bowles v. Kansas City, 51 Mo. App. 416; Bailey v. Kansas City, 189 Mo. 503; Tetrick v. Kansas City, 128 Mo. App. 355.

*Reed, Atwood, Yates, Mastin & Harvey* for respondent.

(1) The court did not err in overruling defendant's demurrer to the evidence. Reno v. St. Joseph, 169 Mo. App. 642; Peters v. St. Joseph, 117 Mo. App. 499; Quinlan v. Kansas City, 104 Mo. App. 616. (2) The court did not err in giving plaintiff's instruction number 1. (3) The court did not err in giving plaintiff's instruction number 2. Vance v. Kansas City, 123 Mo. App. 643; Badgley v. St. Louis, 149 Mo. 127; Straub v. St. Louis, 175 Mo. 415.

ELLISON, J.—This action was instituted to recover damages resulting from plaintiff falling on one of defendant's sidewalks which he charges was negligently left in an unsafe condition for travel. The judgment in the trial court was for the plaintiff.

The negligence charged is that defendant at a designated point on West Eleventh Street "carelessly and negligently permitted a large, thick, rough, uneven, irregular and rounded coating of ice and snow to be, accumulate and remain, thereby causing said sidewalk, at said place, to be rough and uneven and slippery and thereby caused the same to be dangerous and unsafe to persons lawfully using the same."

There was evidence tending to support that charge and it follows under the law that plaintiff's cause of action was established. A city is not liable for injuries caused by falling on ice which lays upon the surface of the city, yet if it is permitted to become and remain in such uneven, rough or rounded-up condition as to become a dangerous obstruction to travel by pedestrians, the city is liable. [Reno v. St. Joseph, 169 Mo. 642; Peters v. St. Joseph, 117 Mo. App. 499; Quinlan v. Kansas City, 104 Mo. App. 616.] The case, as made by the evidence, falls directly under the authority of those adjudications. Indeed there is no substantial difference between the case made and the Reno case and on that authority alone the judgment would necessarily be affirmed.

The instructions of which complaint is made are practically the counterpart of those in the Reno case and the criticism made of these could as well be applied to those which found approval by the Supreme Court.

There is much elaboration by counsel for the city on the state of the proof of the condition of the walk at the point where plaintiff fell. We have gone over it with care and find that it afforded abundant ground to support plaintiff's charge. Plaintiff himself stated that where he fell there was snow and ice "that had been the

result of the entire winter. It would melt some during the day and at night freeze up again and left it in a rough condition there, where you would have to pick your way out on either side of a sort of ridge where one man would walk on one side and one on the other," and that it had been in such condition for "at least five weeks." In different ways and words other witnesses corroborated that statement. The technical criticism offered to the evidence in this respect has not impressed us as sound. The many opinions collected by defendant from other States doubtless meet the cases in which they were written. In a general way it may be said that they are in accord with the view announced by our Supreme Court, but if they did not, we nevertheless would follow the rule in this State. The case of Vonkey v. St. Louis, — Mo. —, 117 S. W. 735, an ice case in which liability of the city was denied, is in no way like the one at bar on the facts. There, as repeatedly stated by the court, the ice was formed by a sudden freeze only a few hours before the injury—while here the rough, uneven and dangerous condition at the place where plaintiff fell, had been permitted to continue for five weeks.

Specific objection is made that evidence of "loose boards" was admitted over defendant's objection. The evidence could not in any degree of reason have affected the case. But, if important, defendant could not complain since it was thrown into the case by questions propounded by defendant. So a reference was made to a granitoid sidewalk now at the place. It could not possibly have affected the result.

The two briefs furnished us by the city contain a valuable collection of the authorities on the general subject of the action, but none of them, in our opinion, stand in the way of plaintiff's case.

In our opinion there is no cause shown for interference, and we hence affirm the judgment. All concur.