# EMILY J. SNOWDEN, Respondent, v. CITY OF ST. JOSEPH, Appellant.

### Kansas City Court of Appeals, May 13, 1912.

1. **NEGLIGENCE: Defective Sidewalks: Ice and Snow.** Plaintiff sued for damages for injuries received as the result of a fall on an icy sidewalk. Snow and sleet had accumulated on the sidewalk, had been trodden on, and had partly melted and formed ice, and the surface was rough and uneven. This condition had existed for a long time prior to the time plaintiff fell, and her fall was occasioned by the uneven and slippery condition of frozen snow and ice on the sidewalk. *Held* that the court did not err in refusing to direct a verdict for defendant.

2. ————: ————: ————. Where the gravamen of the charge of negligence was the unsafe condition of the surface of the sidewalk by reason of the accummulation of ice and snow thereon, and that plaintiff's injury was due to that condition, it is entirely immaterial whether the walk itself was in good or poor condition.

3. ————: **Notice of Injury.** The notice required to be given of a claim for damages against the city of St. Joseph should be liberally construed, and where it states the time, place and character and circumstances of the injury, it is sufficient.

4. ————: ————: ————. An instruction which required the jury to find that the notice served upon the city was given the defendant within sixty days after the alleged injury, but did not require the jury to find that said notice stated the place where, a time when, and the circumstances of plaintiff's injury, is not erroneous. It is for the court to say whether or not the notice was sufficient.

Appeal from Buchanan Circuit Court.—*Hon. W. D. Rusk*, Judge.

AFFIRMED.

*W. B. Norris, O. E. Shultz* and *Phil A. Slattery* for appellant.

*G. L. Zwick* for respondent.

BROADDUS, P. J.—This suit was instituted to recover damages for personal injuries received by plaintiff on February 25, 1911, as the result of a fall on an icy sidewalk of the defendant city. The facts are that on the 13th day of January, 1911, there was a fall of three and three-tenths inches of snow and sleet in the city of St. Joseph; and that between that date and the 25th day of February, 1911, snow fell on the following dates: Two-tenths of an inch; on the 21st day of January; on February 5th, four-tenths of an inch; on February 18th, four and two-tenths; on February 19th, four-tenths of an inch.

The plaintiff's evidence went to show that the snow and ice on the sidewalk on the south side of the street had been there ever since the fall of snow and sleet on the 13th day of January. Her evidence went to show that the snow had been trodden upon, had partly melted and formed ice, and that the surface of the sidewalk was rough and uneven. The evidence of plaintiff as to the snow and ice on the sidewalk was of the most positive character, and that it had existed in that condition for a considerable length of time before the plaintiff received her injury. There was an abundance of evidence to the effect that the plaintiff fell and was injured on the sidewalk, and that her fall was occasioned by the uneven and slippery condition of the frozen snow and ice on the sidewalk.

The defendant's evidence tended to show that the sleet and snow that fell on January 13th, had disappeared previous to January 26th. Defendant introduced the record of the weather bureau, which showed that after said last date until the 5th of February the thermometer, most of the time, stood far above freezing point, and sometimes went as high as sixty-three degrees above zero. The weather bureau record showed that on February 5th, three-fourths of an inch of snow fell, which had disappeared on February 8th; that on February 18th, 4.2 inches of snow fell, and on

the 19th, .04 of an inch fell; that on the 20th of the month there was only a trace of snow that fell, and that there was only 1.8 inches of snow remaining on the ground, and that none fell between that date and the 25th.

Within the time provided by law the plaintiff gave the city the following notice:

"Notice to the Honorable A. P. Clayton, Mayor of the city of St. Joseph, Missouri, of claim for damages, as provided by section No. 8863, Revised Statutes of Missouri 1909.

"You are hereby notified that I, Emily J. Snowden, intend to, and do claim damages from the city of St. Joseph, Missouri, for personal injury growing out of defects in the condition of a sidewalk in said city, and in the following paragraphs are stated the place where, the time when such injury was received, and the character and circumstances of the injury.

"Place Where. On the sidewalk on the south side of Mary street between Twenty-eighth street and Twenty-ninth street in the city of St. Joseph, Missouri, and more particularly at a point about one hundred and sixty feet east of the southeast corner of Twenty-eighth and Mary streets.    .

"Time When. February 25, 1911, between the hours of twelve o'clock and two o'clock p. m.

"Character and Circumstances of Injury. I was walking east on said sidewalk and was caused to slip and fall by reason of the snow and ice which had accumulated thereon and by reason of the defective construction and condition of said sidewalk. The injury sustained by reason of said fall was an interscapular fracture of the right hip joint."

The allegations of negligence are, that the side-walk was defective and that the defendant permitted snow and ice to accumulate and remain on it "in uneven and irregular masses or ridges so that the surface thereof was hard, slippery, rough and uneven;

that said obstruction and dangerous, defective and unsafe condition was permitted by said defendants to exist for several weeks prior to the time of the injury hereinafter described; and that defendants knew, or by the exercise of ordinary care could have known, of said obstructions,'' etc., in time to have repaired the same before the plaintiff's injury, but negligently failed to so do.

Richard L. Spencer and John C. Landis, Jr., were made parties defendant, but the cause was dismissed as to them with the consent of plaintiff. The answer was a general denial and a plea of contributory negligence. At the close of all the evidence defendant asked the court to direct a verdict in its behalf, which the court refused to do.

It is the contention of the appellant that plaintiff's testimony is opposed to the physical facts and therefore cannot be true, and that the court erred in not directing a verdict for defendant. This contention is founded upon the assumption of the absolute verity of the evidence of the weather bureau to the effect, that there was no snow or ice on the ground after the 26th of January and until the 18th day of February, when the last snow of any consequence fell, until the date of the plaintiff's injury. We are of the opinion that such evidence is not to be taken as absolute proof of the conditions at the times mentioned. We know of no such rule of evidence. Notwithstanding we are of the opinion that such evidence is entitled to great weight, we are free to say that it should not have the force and effect of overturning the positive testimony of many witnesses whose credibility stands unchallenged, that the snow and sleet that fell on January 13th, remained on the sidewalk until the day when plaintiff received her injury. And besides, when we come to consider that the weather bureau reports only went to conditions generally that the snow and sleet had disappeared from the ground, which might have

been true, still it was possible that it had not disappeared in particular localities, such as on the south sidewalk of the street in question. Snow and sleet. trodden by the feet of pedestrians would tend to solidify the mass which might remain during winter weather for an indefinite time after it had generally disappeared. However that may be, it was for the jury to say which was the most credible evidence, that of unimpeached witnesses or that of the weather reports.

One of the grounds relied upon as a reason why the plaintiff was not entitled to recover is, that there was a variance between the proof and the notice served upon the city. The notice served upon the mayor of the city informed the city that the plaintiff slipped and fell upon the sidewalk in question because snow and ice had accumulated upon a defective sidewalk. There was no proof of a defective sidewalk. The argument is that: "A defectively constructed sidewalk, with the accumulation of ice and snow upon it, presents an entirely different condition from a sidewalk properly constructed with an accumulation of ice and snow to such an extent that it has become dangerous because the surface is slippery, rough, etc. In one case, a mere slippery condition might make the city liable, while a sidewalk properly constructed, even though slippery, under the law, would not be dangerous to pedestrians, as the law requires more than a slippery condition to make a city liable. It requires that the snow and ice must have accumulated to such an extent that the surface of the sidewalk must not only be slippery, but it must be uneven, rough and full of ridges, so that such an accumulation, in fact, amounts to an obstruction in the use of it."

The appellant's theory is well enough, but it lacks application to the facts of the case. We assume that the sidewalk itself was in good condition, but notwithstanding that, it was shown that the snow and ice that had accumulated upon it was not only slippery, but

was also rough and full of ridges, etc. So it made no difference in the result. The gravamen of the charge of negligence was the unsafe condition of the surface of the sidewak by reason of the accumulation of ice and snow thereon; and as that was the cause of plaintiff's injury, it was entirely immaterial whether the walk itself was in good or poor condition.

Such notices should be liberally construed, and the notice is sufficient if it states only the time and place and the character and circumstances of the injury. [Reno v. City of St. Joseph, 169 Mo. 642; Strange v. City of St. Joseph, 112 Mo. App. 629.]

Instruction No. 2 is criticised for the assigned reason that it requires the jury to find that the sidewalk was safe instead of reasonably safe. It reads as follows: "The court instructs the jury that it was the duty of the defendant city to use ordinary care to keep its sidewalks in a reasonably safe condition for travel thereon in the ordinary modes by day or by night. And if the jury believe from a preponderance of the evidence that by reason of the accumulation of snow and ice and the formation of ridges or rough and uneven surface on the sidewalk of snow and ice at the time and place where plaintiff claims to have been injured on the south side of Mary street, about 160 feet east of Twenty-eighth street, in the city of St. Joseph, the said sidewalk had become and was in an unsafe condition for travel thereon by day or night; and that defendant city knew, or by the exercise of ordinary care and diligence could have known of the unsafe condition thereof in a reasonable time to have removed said snow and ice, and repair said walk before the alleged injury of plaintiff, and that while plaintiff was walking on said sidewalk, where it was so defective and unsafe by reason of said defect and obstruction, she slipped and fell upon the sidewalk, without fault or want of ordinary care on her part, and she was thereby injured; and that plaintiff

caused a copy of the notice of said injury introduced
in evidence, to be served on the mayor of defendant
city, within sixty days after the alleged injury, then
the jury must find for plaintiff, although the jury may
further believe from the evidence that plaintiff knew
of the alleged defect in said sidewalk or condition
thereof.'' The language of the instruction is some-
what inaccurate in that it only required the jury to
find that the sidewalk was ''unsafe'' when the expres-
sion should have been ''not reasonably safe,'' but as
the instruction does define the duty of the city to only
keep its sidewalk reasonably safe, and as the other
instructions given for plaintiff properly instructed the
jury in that respect, we do not think they could have
been misled by the inaccuracy noticed.

A second objection is made to the instruction that
it does not require the jury to find that the notice
served upon the city stated the place where, the time
when and the circumstances of plaintiff's injury. We
think the jury were properly instructed as to that mat-
ter. All that the law required was that they find that
the notice in question was given the defendant city
within sixty days after the alleged injury. The jury
were not required to find what facts were included
within the notice. The court was the authority to de-
termine whether the notice was sufficient.

Instruction 4 given for plaintiff, which directs
under what circumstances the jury shall find for plain-
tiff, omits defendant's defense of contributory negli-
gence, but instruction number 5 following does include
it, as do instructions numbers 2 and 3. We think that
was sufficient.

Instruction number 5 is also criticized, but as it
passed muster without criticism in Reno v. City of St.
Joseph, supra, l. c. 650, Peters v. St. Joseph, 117 Mo.
App. 499, and Quarles v. Kansas City, 138 Mo. App.
45, we think it was sufficient.

Instructions 6 and 8 asked by defendant and refused by the court we think were properly refused as there was no evidence upon which to base them.

The case was well tried, and whatever technical errors, if any, occurred, should not affect the result, as the judgment was for the right party. Affirmed. All concur.