ELIZABETH JACKSON, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, May 18, 1914.

1. NEGLIGENCE: Municipal Corporations: Slippery Sidewalks. The plaintiff, a lady, seventy-three years of age, was walking along and upon the sidewalk in a public street, when she slipped and fell receiving injuries for which she now seeks to recover damages from the city. The property owner had allowed snow and ice to remain on the sidewalk for several weeks. *Held*, that the demurrer to the evidence was properly overruled.

2. ———: ———: ———. A city is not liable for the accidents caused by mere slipperiness, but is liable when snow and ice are permitted to accumulate upon a sidewalk and are permitted to remain there until by thawing and freezing they become an obstruction, which the city in the exercise of reasonable care and diligence should have discovered and removed. But the city is liable for the general slippery condition of its sidewalks which is allowed to remain thereon when by the exercise of reasonable diligence it could have been discovered and removed.

Appeal from Jackson Circuit Court.—*Hon. W. O.*
*Thomas,* Judge.

AFFIRMED.

*A. F. Evans* and *Francis M. Hayward* for appellant.

(1) The court below erred in refusing the peremptory instruction asked by defendant at the conclusion of all the evidence in the case. Vonkey v. St. Louis, 219 Mo. 37; Hyer v. Janesville, 101 Wis. 371, 77 N. W. 729; Taylor v. Yonkers, 105 N. Y. 222, 11 N. E. 642; Crawford v. New York, 68 App. Div. (N. Y.) 107; Tobey v. Hudson, 49 Hun. (N. Y.) 318; Foley v. N. Y., 95 App. Div. (N. Y.) 374; Woodcock v. Worcester, 138 Mass. 268; McNally v. Cohoes, 127 N. Y. 350, 27 N. E. 1043. (2) The court erred in refusing instruction No. 3 asked by defendant. Hatch v. Elmira, 142 App. Div. (N. Y.) 174; Hausman v. Madison, 21 L. R. A. 263; Henkes v. Minneapolis, 42 Minn. 530; Harrington v. Buffalo, 121 N. Y. 147; Kelley v. St. Joseph, 156 S. W. 804; Vonkey v. St. Louis, 219 Mo. 37.

*Scarritt, Scarritt, Jones & Miller* for respondent.

(1) The cause was properly submitted to the jury and defendant's peremptory instruction offered at the conclusion of all the evidence was properly refused by the trial court. Reno v. St. Joseph, 169 Mo. 642; Snowden v. St. Joseph, 163 Mo. App. 667; Canterbury v. Kansas City, 149 Mo. App. 520; Barker v. City of Jefferson, 155 Mo. App. 390; Quarles v. Kansas City, 138 Mo. App. 45; Heether v. Huntsville, 121 Mo. App. 495. (2) Instruction No. 3 asked by the defendants was properly refused by the trial court. Quinlan v. Kansas City, 104 Mo. App. 616; Reno v. St. Joseph, 169 Mo. 642; Peters v. St. Joseph, 117 Mo. App. 499.

JOHNSON, J.—This is an action for personal injuries plaintiff alleges were caused by negligence of defendant city in allowing one of its public sidewalks to remain in a dangerous condition from accumulations of snow and ice. Plaintiff prevailed in the circuit court where she recovered judgment for one thousand dollars and defendant appealed. We are asked to reverse the judgment on the ground that the evidence of plaintiff discloses no cause of action.

The injury occurred in the night of February 7, 1912, on the sidewalk on the south side of Thirty-fifth street between Garfield and Brooklyn avenues. The locality is in a residence district and the street was paved and had cement sidewalks on both sides. Accompanied by her husband, daughter and grandchild, plaintiff, who was seventy-three years old, was walking on the sidewalk when she slipped and fell receiving the injuries for which she seeks to recover damages.

The place was in front of the second residence from the corner of Garfield avenue and the evidence of plaintiff shows that for a month or more the owner had neglected to clean the sidewalk in front of his property of snow and ice. The property was five or six feet higher than the street grade and was terraced in front. At this season of the year the sidewalk was shaded and snow and ice would remain there longer than on places more exposed to the sun. The owner of the property, introduced as a witness by defendant, testified that he was prompt in removing fallen snow but that it was very difficult to keep the sidewalk clean because the terrace faced north "and it is very seldom that we don't have snow on our terrace. After the first snow comes we have snow nearly all winter, and it slopes down and melts and makes it very difficult to keep clean anyway." Plaintiff's witnesses testified that fallen snow had not been removed and that pedestrians had made a narrow pathway along the mid-

dle of the sidewalk which under the natural alternations of thawing and freezing had formed into a rough, uneven, slanting and slippery coating of ice and compressed snow. On each side of the path and covering the whole sidewalk the snow and ice were thicker and as rough as in the path. Plaintiff was wearing rubber overshoes and was following her daughter in the pathway which appeared to be more safe than the thicker ice and snow on each side. There are no facts and circumstances in evidence from which it should be held that plaintiff was guilty of negligence as a matter of law and the sole question for our determination presented by the demurrer to the evidence is whether the facts and circumstances in proof will support a reasonable inference that the accumulated snow and ice constituted an obstruction in the sidewalk belonging to a class falling within the scope of the duty the law imposed upon the city with reference to dangerous obstructions in its public streets.

The law does not hold a city to the exercise of more than reasonable care to keep its streets free from dangerous obstructions. The city is not an insurer of the safety of pedestrians and they must assume the risks attending a general slippery condition of the sidewalks produced by natural causes and which remain despite the efforts of reasonable care and diligence. [Reedy v. Brewing Assn., 161 Mo. l. c. 536; Vonkey v. St. Louis, 219 Mo. 37.] In the case last cited the Supreme Court quoted with approval the following extract from the decision in Hyer v. City, 101 Wis., l. c. 374: "Reasonable care did not require the walk to be scraped clean, down to the planking, or that mere footprints made in the soft snow and frozen in that condition should be removed. They did not cause any obstruction to or render travel on the walk dangerous, tested by the standard of reasonable safety under the circumstances. The furthest the courts have gone on this question is to hold that snow and ice al-

lowed to accumulate on a walk in an uneven and ridgy condition so as to constitute an obstruction to public travel, renders it defective, and actionably so.''

The same rule is stated in Reno v. City, 169 Mo. 642, where it is said that while a city is not liable for accidents caused by mere slipperiness it is liable ''when snow and ice are permitted to accumulate upon a sidewalk and are permitted to remain there until by thawing and freezing they become an obstruction'' which the city in the exercise of reasonable care and diligence should have discovered and removed. To the same effect are the decisions of this court in Snowden v. City, 163 Mo. App. 667; Canterbury v. Kansas City, 149 Mo. App. 520; Peters v. St. Joseph, 117 Mo. App. 499; Barker v. City, 155 Mo. App. 390; Quarles v. City, 138 Mo. App. 45. In the Barker case we observed that ''while there was a general condition of ice and snow over the entire city, yet there was abundant evidence tending to show that at the place where plaintiff fell the street did not present that usual condition resulting from a general fall of snow or sleet. Snow and ice frozen together were allowed to form and remain in a ridge across the walk, dangerous to pedestrians and thus bringing the case fully within the rule of municipal liability stated by the Supreme Court.'' And in the Quarles case we pointed out the difference between a case such as that considered by the Supreme Court in Vonkey v. St. Louis, supra, where the ice was formed by a sudden freeze only a few hours before the injury and a case where ''the rough, uneven and dangerous condition at the place where plaintiff fell had been permitted to continue for five weeks.''

There is evidence of defendant tending to bring this case within the rule of the Vonkey case and great reliance is placed upon the evidence from the weather bureau at Kansas City to the effect that as a general rule snow and ice had completely disappeared from

the sidewalks and that the slippery condition of the sidewalks at the time of the injury had resulted from a very recent precipitation. But as we said in Snowden v. St. Joseph, supra, "Such evidence is not to be taken as absolute proof of the condition at the times mentioned." Certainly it should not be held to have disproved in law the evidence of credible witnesses tending to show that owing to the continued neglect of a property owner to clean his sidewalk and to the peculiar conditions obtaining at the place a dangerous obstruction had resulted from successive precipitations of snow and from the processes of thawing, freezing and the compression of travel which had produced a condition of unsafety that could and should have been abated by the observance of ordinary care and diligence.

Since the evidence of plaintiff is found to portray an injurious and negligent cause falling within the rule of municipal liability we must hold that the demurrer to the evidence was properly overruled.

Instruction numbered 3, asked by defendant merely repeated, in slightly different phraseology, matter fully and clearly covered in instruction numbered 1, given on behalf of defendant. No error may be predicated of the refusal to give a repetitious instruction. There is no more merit in instructional than in supplicatory or rhetorical repetitions.

The judgment is affirmed. All concur.