WILLIAM E. BARKER, Respondent, v. CITY OF JEFFERSON, Appellant.

Kansas City Court of Appeals, May 1, 1911.

1. MUNICIPAL CORPORATIONS: Sidewalks: One-Legged Pedestrian: Care. Though a pedestrian on a street has only one leg and walks with the aid of a crutch, yet he may recover of a city which maintains a defective sidewalk if he uses the care that a prudent person in his physical condition would use.

2. ———: ———: Ice: Uneven Surface: Negligence. While a city is not liable for an injury resulting from the general slippery condition of its sidewalks by reason of snow, sleet and ice, yet if it negligently permits the ice and snow to collect at given points in ridges rising above the general smooth surface, so as to become dangerous and unsafe, it may be held in damages.

3. ———: ———: Answer: Abutting Owner. A pedestrian was injured by a fall on one of a city's sidewalks which was obstructed by ridges of frozen snow mixed with ice. The walk was in front of property owned by the state, upon which the Supreme Court building was situated. The city by answer pleaded such fact as rendering it powerless to compel the state to clean the walk and therefore an excuse for allowing the walk to become dangerous. It was *held* that the answer was properly stricken out as not presenting a defense.

4. TRIAL: Reply: Waiver. Though no reply is filed to new matter in the answer, if the parties go through trial as though a reply was in, no advantage can be afterwards taken.

Appeal from Cole Circuit Court.—*Hon. William H. Martin*, Judge.

AFFIRMED.

*W. J. Edwards* and *Hazell, Edwards & Lay* for appellant.

*Silver & Dumm* for respondent.

ELLISON, J.—Plaintiff was injured by falling while walking upon one of defendant's sidewalks on High street, and instituted this action for damages alleged to have resulted from the fall. He recovered judgment for $450.

There was evidence tending to show that the sidewalks were rough with ice and snow. Plaintiff, who was a one-legged man who used a crutch, testified that the walk was "full of snow and drifts and ice and sleet;" and that he fell by reason of his foot striking a ridge or drift of frozen snow and ice from four to six inches high which ran across the walk; and that the sidewalks had been in the same condition for more than a week.

The evidence showed knowledge on defendant's part of the dangerous condition of the walk, or of its condi-

tion being dangerous for a time sufficient for it to have known the condition and cleaned the walk. It also showed that notwithstanding plaintiff had only one leg and walked with a crutch, he used the care that a prudent person in his physical condition should exercise, and the case was properly submitted to the jury by instructions requiring a belief of these things before a verdict could be rendered against the city.

While there was a general condition of ice and snow over the entire city, yet there was abundant evidence tending to show that at the place where plaintiff fell the street did not present that usual condition resulting from a general fall of snow or sleet. Snow and ice, frozen together, were allowed to form and remain in a ridge across the walk, dangerous to pedestrians and thus bringing the case fully within the rule of municipal liability stated by the Supreme Court. [Reno v. City of St. Joseph, 169 Mo. 642; Quarles v. Kansas City, 138 Mo. App. 45; Quinlan v. Kansas City, 104 Mo. App. 616.]

The instructions for defendant called the attention of the jury to every phase of defense which the evidence justified. The jury was cautioned by these instructions that no dangerous condition which arose from sleet and ice on the walks would render defendant liable unless it had allowed snow and ice to "accumulate in uneven and irregular masses or ridges." So the jury were fully instructed on the matter of plaintiff's contributory negligence as charged by defendant. There were several instructions offered by defendant which were refused. But, as already stated, enough were given to fully enlighten the jury on every proper issue.

It is claimed that there was no evidence that High street was a street in the defendant city. But an examination of the record shows that there was. It was not evidence affirmatively in response to a direct question as to the street being in the city, but it sufficed. Plaintiff was asked: "Q. For whom do you work? A. Charles Langerhans. Q. On High street? A. Yes, sir.

Q. Jefferson City? A. Yes, sir. Q. Do you remember the circumstances of your falling and receiving injuries therefrom last January? A. Yes, sir. Q. January, 1910, on High street, in this city? A. Yes, sir."

Defendant's answer set up that under the provisions of the statute (sec. 9230, R. S. 1909) it had authority to provide by ordinance to compel the owners of abutting property to remove dangerous obstructions to travel from sidewalks and that by such authority it had provided by ordinance that such property owners should keep sidewalks in safe condition on pain of arrest and punishment if they did not. But that the walk upon which plaintiff was hurt, was along and in front of property owned by the state, upon which the Supreme Court building was situated, and for that reason defendant was powerless to enforce the ordinance, and therefore it should not be held liable for permitting the walk to become and remain dangerous.

On plaintiff's motion that part of the answer was stricken out and we think properly, since it did not state a defense to plaintiff's action. It is the duty of the city to keep its streets in a reasonably safe condition for travel, and the fact that it may not have the right to enforce penalties against abutting owners will not absolve it from the performance of such duty.

There is no merit in the suggestion that plaintiff did not file a reply to defendant's answer. The case was tried as though a reply was filed. [State ex rel. v. Phillips, 137 Mo. 259.]

It is claimed the damages were excessive. The claim is not justified by the evidence. Some of the witnesses saw plaintiff soon after he was taken home and from their testimony it is clear that the intense suffering he appeared to be laboring under was not feigned.

There were other suggestions of error, but we think them not tenable and are satisfied the judgment was for the right party. It is accordingly affirmed. All concur.