EDWARD J. WALSH v. CITY OF ST. LOUIS, a Municipal Corporation, Appellant.—142 S. W. (2d) 465.

Division One, July 23, 1940.

*Edgar H. Wayman* and *Jerome Simon* for City of St. Louis.

*Al. F. Gerritzen* and *Henry J. Mueller* for respondent.

DOUGLAS, J.—Plaintiff recovered a judgment for $10,000 for personal injuries resulting from a fall caused by ice on a public sidewalk. The city is charged with negligence in permitting snow and ice to accumulate and remain on the sidewalk resulting in a dangerous condition which caused plaintiff's injuries.

On the morning of February 17, 1936, plaintiff was walking on the north sidewalk of the 3400 block of Rutger Street in St. Louis. The sidewalk was made of cinders. There was no curbing separating it from the street. With the accumulation of ice and snow the boundary of the sidewalk along the street side was indistinguishable. Ice had accumulated and remained on the sidewalk contiguous to a vacant lot for three or four weeks prior to the accident. It was rough and heavy ice. It was formed by the partial thawing in the daytime of the snow which remained there and then its freezing again at night. Being walked over probably caused its roughness. Plaintiff's right heel hit the edge of the ice, caught and threw him. During the preceding month the weather had been extremely cold with brief intermissions. The month of February had been the coldest since 1905. There was snow from time to time so that the ground remained covered. In spite of this condition, sidewalks generally throughout the city had been cleaned preventing accumulations of ice or had been made safe by being sprinkled with ashes.

The chief contention of the city is that its demurrer to the evidence should have been sustained because the condition of the sidewalk was part of a general condition of snow and ice so that the city is not liable. This is the general rule and is based on the practical reason that a city could not remove entirely all the snow and ice from all the sidewalks under such climatic conditions. [Reedy v. St. Louis Brewing Assn. et al., 161 Mo. 523, 61 S. W. 859.]

In the recent case of Barrett v. Town of Canton, 338 Mo. 1082, 93

S. W. (2d) 927, it was held in effect that a city could be held liable for a general condition of snow and ice if the city had a reasonable opportunity to correct the situation. In so holding that case departs from our ruling in the Reedy case and in Vonkey v. St. Louis, 219 Mo. 37, 117 S. W. 733. It cites in support of its holding our decision in Suttmoeller v. City of St. Louis (Mo.), 230 S. W. 67, which we do not believe apposite under the facts because the latter case involved a special condition rather than a general one. In that case the snow had entirely disappeared from the streets and sidewalks except at places here and there where it had formed into ice, and at the spot where the accident arose the ice had accumulated in high and uneven edges and had so remained long after the snow had disappeared from the sidewalks generally. The case of Reno v. City of St. Joseph, 169 Mo. 642, 70 S. W. 123, also cited in the Barrett case, likewise involved not a general condition but a local one where the snow and ice had accumulated at a particular spot.

It is the widespread *general* condition from natural causes which has induced the rule of non-liability on the part of a city. But where the condition complained of is an isolated one by reason of special surroundings or because of a local accumulation of snow and ice, then it is the duty of the city to exercise reasonable care to remedy such condition if it is dangerous.

We approve the rule as expressed by our late Judge FRANK when on the Kansas City Court of Appeals, as follows: "A city is not required to remove snow and ice from its sidewalks where such condition is general throughout the city. It is, however, the duty of the city to exercise reasonable care to keep its sidewalks free from dangerous conditions, which are not classed as a generally dangerous condition, produced by natural causes such as snow and ice. Where snow accumulates on the sidewalk to such an extent that it produces a dangerous condition, not common to the general condition throughout the city, it is the duty of the city to exercise reasonable care to remedy such dangerous condition." [Harding v. City of St. Joseph (Mo. App.), 7 S. W. (2d) 707.]

It is true on the morning plaintiff was injured there was a general condition of ice. But it is important to observe that the evidence all shows that on this morning this general condition was one of slick and slippery ice, while at the place where plaintiff fell the ice was described as rough and heavy. The unsafe condition of the sidewalk did not arise from the general condition of slippery ice but from the presence in that one spot of rough and heavy ice which had accumulated and remained there over the previous three or four weeks—a special, isolated condition. Under similar circumstances a judgment for plaintiff was upheld in Barker v. City of Jefferson, 155 Mo. App. 390, 137 S. W. 10.

In the instant case the ruling of the trial court was correct under

the evidence of the dangerous condition of the sidewalk existing at the scene of the injury not common to the general condition throughout the city.

The city complains of plaintiff's main instruction on the ground it did not require the jury to find a dangerous condition had existed for a sufficient length of time to. give the city notice and also because it did not tell the jury the city was entitled to a reasonable time after notice, to remedy the condition. Neither complaint is tenable. Plaintiff's instruction, in express terms, required the jury to find the ice rendered the sidewalk not reasonably safe for travel and had remained at the place of the injury long enough to give notice to the city of its existence in sufficient time for the city in the exercise of ordinary care to have removed it before the injury occurred. Neither the presence of the ice where the plaintiff fell, nor the length of time it had remained there, nor the fact that it was dangerous during all such time was disputed by the evidence.

There is no doubt that a city is entitled to sufficient notice, actual or constructive, of a dangerous condition as will give it a reasonable time to remedy such condition. [Nimmo v. Perkinson Bros. Const. Co. (Mo.), 85 S. W. (2d) 98.] The instruction complied with this rule. The case of Allen v. Kansas City (Mo. App.), 64 S. W. (2d) 765, and the other cases advanced by the city in support of its contentions are not applicable to the instruction in this case.

Another criticism lodged against the same instruction is that it singled out and commented upon a portion of the evidence so as to confuse and mislead the jury. The instruction required the jury to find that the icy condition of the sidewalk which caused plaintiff to fall *"had existed at said place for a longer period of time than on the sidewalks generally throughout the city."* This criticism is likewise untenable. In view of our conclusion stated above it was necessary for the jury to find as a positive fact that the condition complained of was a local, isolated one and not a general one before it could impose liability on the city. Such is the effect of the language complained of and nothing more. Besides, the city in its instructions has followed the same theory in the same language.

■ Determination of the issue whether proper notice of plaintiff's claim for damages was timely given to the city as required by Sec. 7493, R. S. 1929, Ann. Stat., p. 5960, turns on the extent of an admission of the city's counsel at the trial. He contends that his admission was merely of the timely service of the paper which plaintiff's counsel had the court reporter mark as an exhibit and not that he admitted the paper was a notice and a sufficient one. As we read the record and observe the conduct of counsel and of the trial judge we must conclude that the admission included notice to the city and its sufficiency as well as its service. Having made such admission the city cannot now on appeal assert that sufficient notice was not given.

[Cole v. St. L.-San Fran. Ry. Co., 332 Mo. 999, 61 S. W. (2d) 344. See also Callahan v. Kansas City, 226 Mo. App. 408, 41 S. W. (2d) 894.]

█ Plaintiff, fifty-six years old, suffered an intra capsular fracture of the neck of the right femur, a broken hip. Union of the broken bones was obtained by the use of metal pins. He was in the hospital for ten weeks, at home in bed for seven weeks. Thereafter he was in a wheel chair and then used crutches. The right leg is permanently shortened by an inch and there is some eversion of the right foot. He will have to continue to use crutches the remainder of his life. A residual pain will be permanent. There is uncontroverted testimony of total disability. Under these circumstances, a judgment of $10,000 is not excessive.

The judgment is affirmed. All concur.