**BLANFORD**

v.

**ST. LOUIS PUBLIC SERVICE CO.**

No. 43811.

Supreme Court of Missouri.

Division No. 1.

March 8, 1954.

Motion for Rehearing or to Transfer to Court en Banc Denied April 12, 1954.

Lloyd E. Boas and L. F. Stephens, St. Louis, for appellant.

Miller & Landau, St. Louis, for respondent.

CONKLING, Chief Justice.

The St. Louis Public Service Company, defendant below, has appealed from a judgment entered after the trial court sustained plaintiff's, Cecil E. Blanford's, motion for new trial in an action wherein the jury had returned a verdict for defendant. The action was one praying damages of $11,-364, wherein plaintiff sought recovery for alleged loss of services of his then wife, Mary Blanford, alleged to have resulted from injuries claimed to have been sustained by her on July 9, 1945, while she was attempting to alight from one of defendant's buses in the City of St. Louis.

This case has been tried three times. At the first trial on April 17 and 18, 1946, plaintiff recovered a judgment of $2,000. The trial court thereafter sustained the defendant's motion for new trial and plaintiff appealed. The St. Louis Court of Appeals, 199 S.W.2d 887, affirmed the trial court's action in granting defendant's new trial motion, and remanded the cause to the circuit court for new trial. The cause was again retried on March 20, 21 and 22, 1951, but during that trial a motion for continuance was granted and a mistrial declared. The case was again retried on March 2, 3, and 4, 1953. The result was the instant verdict for defendant. As above noted, plaintiff's new trial motion was sustained, but the trial court assigned no ground or reason therefor, and defendant has this time appealed. Neither the plaintiff, Cecil Blanford, nor Mary Blanford, his then wife, testified in person upon the instant trial. Plaintiff lived in Odessa, Missouri, at the time of the last trial. The transcript before us shows that Cecil Blanford's deposition given May 31, 1952, and a transcript of the testimony of Mary Blanford, given upon the first trial of the case on April 17, 1946, were read to the jury in this case.

From the transcript it appears that plaintiff and Mary Blanford were married in 1939, and had a son four years of age; that just before July 9, 1945, they lived at 3842 Washington Street in St. Louis and plaintiff had been employed at McDonald Aircraft; that plaintiff had theretofore been notified to report to Jefferson Barracks on July 9, 1945, for induction into Army service; that a few days prior thereto plaintiff and his wife had gone to Ste. Genevieve, Missouri, to visit their parents for a few days; that on July 9, 1945, he left Ste. Genevieve on an army chartered bus

and went direct to Jefferson Barracks and did not leave there until the late evening of July 11, 1945; that Mary Blanford returned by public carrier bus to St. Louis on July 9, 1945; and that when Mary Blanford was a passenger on defendant's bus on July 9, 1945, at Spring and Grandel, in St. Louis, she was injured by the premature starting of the bus as she was alighting therefrom;

That late on July 11, 1945, when plaintiff reached his home in St. Louis he found his wife in bed "pale as a sheet" with blood all over the bed; that plaintiff stayed there that night, but left about four o'clock the next morning and returned to Jefferson Barracks; that two days later he spent another night at his home; his wife was then some better, but he had to leave again early the next morning to return to Jefferson Barracks; that he was then moved to Camp Fannin, Texas, and next saw his wife in November, 1945, when he spent five days with her at her mother's home in Ste. Genevieve; that she then treated him with indifference; that plaintiff was then sent by the Army to Camp Funston, then to Newport News, then to France, and later to Germany; that while he was overseas, Mary Blanford secured a divorce from plaintiff on May 29, 1946; that plaintiff never saw Mary Blanford after his five day furlough in November, 1945, until after the divorce, and after his discharge from the Army in 1946; that on June 20, 1946, and only twenty days after the divorce from plaintiff, Mary Blanford was married to Joseph M. Bahr; that plaintiff remarried in November, 1947, and that marriage ended in divorce; plaintiff later remarried the second time in November of 1949.

The testimony of Mary Blanford, as given at the 1946 trial and as read in this case, tended to establish that at the time of the bus accident on July 9, 1945, she was pregnant, but that no one knew she was pregnant and she had had no medical attention therefor before July 9, 1945; that she had a miscarriage while at home and alone in the bathroom a day or so after the fall but did not tell anyone until the following day; that she had theretofore suffered a previous miscarriage in 1944; that she had medical attention for her condition following the bus accident of July 9, 1945. The bill for medical attention, about a hundred dollars, was unpaid and action thereon was barred by limitations at the time of trial.

Under our Rule 1.10, 42 V.A.M.S., when the trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presumption shall be that the trial court erroneously granted the new trial motion and the burden of supporting the trial court's action is placed upon respondent. The onus on this appeal is therefore upon the plaintiff.

It is first contended here by plaintiff that the trial court properly sustained plaintiff's motion for new trial because of the aggregate prejudicial effect of a number of trial incidents.

Plaintiff complains of the misconduct of defendant's trial counsel in quite a number of trial incidents, which occurred during the arguments to the jury, and which plaintiff's brief asserts had an "aggregate prejudicial effect" upon the jury. The matters complained about have all been minutely and carefully examined. The analysis of each of them in the light of the background presented by the trial record, the motion of plaintiff for a new trial and plaintiff's brief eliminates most of them as unbelievably inconsequential. The plaintiff's charges with respect to most of them are general in nature and in only a few instances does plaintiff point to any precise place in the record where he contends any untoward or prejudicial incident occurred. But we have carefully read and re-read the entire transcript, and the argument of both counsel. As to the few instances pointed out by plaintiff, an examination of the transcript compels the conclusion that the matters complained of were largely retaliatory in nature and justified under the cir-

cumstances of the case. Examination of the transcript of the argument discloses that when objections were made the court correctly ruled thereon, usually in plaintiff's favor, and the matter then under consideration was carefully and correctly explained by the court to the jury.

■ In one incident of which plaintiff now complains counsel for defendant in his argument stated to the jury "As is well known to you now, this it (is) not an attempt to recover money for her (Mary Blanford's) injuries. In that case I have no right under the law to tell you what occurred and I shall not attempt to do so, but this case was brought by Mr. Landau in the name of Cecil Blanford (as) he told you previously was tried originally as a husband's suit when Mr. Blanford, mind you, was not in the United States." No objection or motion was then directed at any of the just above quoted. After the argument of defendant's counsel had been later concluded, and out of the jury's presence, plaintiff's counsel undertook to make an objection into the record that defendant "had no right to tell them (the jury) what had happened in the trial of the wife's case." That objection came too late. In the course of the objection plaintiff's counsel stated: "We do not ask for a new trial (mistrial) at this time because that would inflict a penalty on the plaintiff in requiring him to go through the delay of a new trial, but we do express and record our objections to that argument at this time." Not only was the purported objection untimely, but plaintiff asked no action whatever of the trial court, no ruling by the court thereon, no statement by the court to the jury with respect thereto and no admonishment by the court of defendant's counsel.

■ In plaintiff's brief filed here there is no error assigned as to the above on the part of the trial court, as indeed there could not be, for plaintiff's counsel made no request of the trial court to rule, or to do anything. In plaintiff's brief it is merely asserted that: *"Defendant's*

counsel committed reversible error in informing the jury through intentional and obvious implication that Mary Blanford had lost the suit she brought arising out of this same occurrence." Judgments of lower courts are reviewed by appellate courts to correct reversible errors committed by the trial court. If counsel are guilty of matters of misconduct during a trial, such matters must be timely called to the court's attention by opposing counsel and the trial court must be given opportunity to grant relief by requests for instant ruling and action by the court. It is apparent that the trial court was given no opportunity to make any ruling whatever. This contention is without merit, and is somewhat typical of other incidents hereinabove referred to and which do not warrant discussion at length in this opinion.

We consider it necessary to discuss only one of the other trial incidents about which plaintiff here complains. The opening statements of the separate counsel are fully reported in the transcript. It appears that in the opening statement for defendant its counsel stated that Mrs. Blanford had previously been married to some man who was sent to the penitentiary. Thereupon the following occurred:

"Mr. Landau: I object to the statement of counsel that Mrs. Blanford had been previously married to a man and that her previous husband had been sent to the penitentiary and I move for a discharge of the jury because of that inflammatory statement as being highly improper and prejudicial and I move that the jury be instructed to disregard it and that counsel be asked to refrain from making such statements.

"Mr. Stephens [Counsel for defendant]: I will offer in evidence that she has related this whole story in narrative form.

"Court: The Court thinks that is getting outside of the issues here and, of course, you are not supposed to make a statement of any facts that are not provable.

"Mr. Stephens: I can prove it.

"Court: I don't think you can get outside of the issues.

"Mr. Stephens: That she was divorced?

"Court: There is no use to argue with me. I am going to sustain that objection."

■ Assigning that "defendant's counsel committed prejudicial error" in making the above noted statement to the jury, plaintiff relies upon the rule announced in such cases as In re Delany, Mo.App., 226 S.W.2d 366; Bellovich v. Griese, Mo.Sup., 100 S.W.2d 261; Beer v. Martel, 332 Mo. 53, 55 S.W.2d 482, and Better Roofing Materials Co. v. Sztukouski, Mo.App., 183 S.W.2d 400, that the proof of irrelevant matter should not be permitted in a trial. That rule is sound, but its instant application is quite another matter.

The range of the matters stated by counsel in the opening statement for each of the parties, and the range of the matters discussed in closing argument of each of the counsel were quite wide. The personal history of both Cecil Blanford and Mary Blanford, both prior and subsequent to their marriage, was quite widely covered by each counsel in opening statements, in the proof and the final arguments. The opening statement for each party to this case was replete with matters beyond the issues of the pleadings, and beyond the possible scope of material and available proof, particularly so, as plaintiff's counsel intended to and did rely upon the deposition of plaintiff and the transcript of Mary Blanford's former testimony.

It is also to be noted that at the trial plaintiff's counsel was apparently satisfied with the action of the trial court in sustaining his objection to the statement made, and did not move that defendant's counsel be reprimanded for making such statement, and did not renew his motion for mistrial after plaintiff's objection had been sustained.

This matter does not further appear anywhere in the trial of the case. It is our view that this incident is readily distinguishable from the incidents and matters ruled in the above cited cases relied upon by plaintiff. In the Delany case, supra, much of the evidence there adduced seems to have been devoted to attacking the character and conduct of Marie Smith, a matter wholly collateral to the issue upon trial. In the Bellovich case, supra, the trial court erroneously permitted extensive cross-examination of both plaintiff and her witness as to matters which had no possible legitimate bearing upon any issue of the case and which "could but have had the effect of creating an unfavorable impression in the minds of the jurors against the plaintiff", [100 S.W.2d 263] who there lost the verdict of the jury. In the Beer case, supra, a personal injury action, there was a verdict for defendant, which was set aside by the trial court upon the specifically stated ground in its order that " 'the court erred in *permitting* the defendant's attorney, in his argument to the jury, over the objection of plaintiffs' counsel, to make statements of fact outside the record and not based upon the evidence.' " [332 Mo. 53, 55 S.W.2d 484.] In that case the trial court's action granting a new trial upon that specific ground was affirmed. In the Better Roofing case, supra, a mechanic's lien case, proof had been adduced by cross-examination as to a payment made by an owner of the property to a contractor, which payment was no defense against a mechanic's lien claim of a materialman who had not been paid for materials furnished to do the work. It was there merely held that while reasonable latitude should be allowed in cross-examination, the court should not *permit* such examination to bring in wholly irrelevant matters. Those cases, going to matters of proof and argument *permitted with the sanction and approval* of the trial court, are neither determinative nor persuasive as to the incident now before us. In this case this court instantly acted, sustained the objection and the matter did not thereafter appear in the case.

■■ We are admonished by our statutes that we may not reverse a judgment

unless we believe that error was committed materially affecting the merits of the action. We do not believe that the instant incident did materially affect the merits of this cause or the result in the court below. The plaintiff's contention as to this incident is accordingly denied. We also rule that the aggregate prejudicial effect, as asserted by plaintiff, of all the trial incidents to which plaintiff calls attention in his brief was not sufficient to warrant setting aside the verdict of the jury or the judgment originally entered thereon.

We need notice only the additional assignment in plaintiff's brief that, "The order of retrial was properly made because of the court's error in giving defendant's Instruction No. 9" on surmise and speculation. The instruction was in the exact words of Instruction 5, approved by this court in West v. St. Louis Public Service Co., 361 Mo. 740, 236 S.W.2d 308, loc. cit. 312.

Plaintiff cites and relies upon West v. St. Louis Public Service Co., supra, and Price v. Schnitker, 361 Mo. 1179, 239 S.W.2d 296. Those cases do not support plaintiff's assertion that the court erred in giving Instruction 9. On the contrary, they approve the instruction. And see also, Small v. Wegner, Mo.Sup., 267 S.W.2d 26. The contention that the giving of Instruction 9 warranted the action of the trial court in sustaining plaintiff's motion for new trial is overruled.

We have carefully studied the record of this trial and have made close analysis of the points asserted and of all the trial incidents argued in plaintiff's brief. We think that the parties had a fair trial free from reversible error. The case has now been before three juries. Finding no reversible error in the trial below, the order of the circuit court sustaining the plaintiff's motion for a new trial and setting aside the judgment for defendant which was entered upon the jury's verdict is accordingly reversed. The cause is remanded to the circuit court, with directions to enter a judgment for defendant. It is so ordered.

All concur.