**Carrie EVERETT (Plaintiff), Respondent,**

**v.**

**Bertha L. WALLBRUN, Executrix of the Estate of Isidore Loeb, Deceased (Defendant), Appellant.**

No. 28930.

St. Louis Court of Appeals.

Missouri.

Dec. 21, 1954.

Rehearing Denied Jan. 14, 1955.

J. D. Leritz, St. Louis, for appellant.

James C. Jennings, Milton R. Fox, St. Louis, for respondent.

WOLFE, Commissioner.

This is an action for damages arising out of personal injuries sustained by the plaintiff when she fell upon an icy driveway on the premises of her employer. She was leaving for home at the completion of her day's work at the time she fell. There was a verdict and judgment in favor of the plaintiff in the sum of $1,250 and the defendant appealed. While the appeal was pending Isidore Loeb, the defendant employer, died, and upon suggestion of his death his executrix was duly substituted as party defendant appellant.

The plaintiff was a laundress 53 years of age, who had been employed by the defendant for 22 years. On December 26, 1951, she went to work at the defendant's residence in the City of St. Louis, arriving there at 8:30 in the morning. There had been a general and very heavy sleet storm covering the whole area of the city with

ice. Walks and streets of the city were all covered and were very slick and difficult to walk upon. The condition had made it very hard for the plaintiff to get to the defendant's home that morning. The temperature remained below freezing all that day and, according to the plaintiff, it continued to snow and sleet throughout the morning. Plaintiff worked until 5:30 in the evening and others present in the house during that time were the defendant, who was 85 years of age, his daughter, and a cook. At 5:30 the defendant paid the plaintiff and she went out the back door to go home. Steps led down from the back door to a walk which connected with another walk running from the front to the back of the house and this walk was adjacent to and paralleled a driveway.

As the plaintiff left the house she noticed that the icy condition was still present and was even more slick than it had been when she came to work that morning. She went down the steps holding on to a banister and although she was slipping she continued to the walk that paralleled the driveway. She started toward the front of the house but after a few steps she decided that she would walk to the back. Her brother was to meet her and take her home in his automobile which he drove up to a back gate. As her feet were slipping she decided that she would walk on the driveway which was surfaced with small stones and appeared to the plaintiff to offer surer footing. After she had taken two or three steps on the driveway her feet went from under her and she fell suffering a dislocation of her shoulder and bruises about her hip.

The plaintiff predicated her case upon the theory that the defendant failed to exercise ordinary care to provide her a safe place in which to work. The defendant asserts that the plaintiff's evidence was insufficient to sustain the judgment in her favor and that the court erred in overruling defendant's motion for a directed verdict at the close of all the evidence.

We stated in Smith v. American Car & Foundry Co., Mo.App., 288 S.W. 982, 984:

"It is well established in this state that the master's duty to exercise ordinary care to furnish his servant a reasonably safe place in which to work is not restricted to the identical situs of the labor, but extends to the exercise of ordinary care on the part of the master to see that the means of ingress and egress are reasonably safe; and in fact extends to all places about the premises known to the master to be used, or which might by the exercise of ordinary care be so known to be used, by the employes."

The question therefore confronting us is whether the duty to provide a safe exit for an employee extends to making the exit safe from a natural condition common to the whole community. We are cited to no cases dealing directly with the subject, nor does search reveal any case where an employer-employee relationship was established and the facts relied upon were similar to those before us. The cases cited by the respondent deal with situations not general in their nature but peculiar to the exit claimed to be unsafe.

Turning therefore to the duties imposed on those other than employers, in actions where damages are sought against them for falls upon icy walks, we find several classes such as landlords, municipal corporations, and invitors.

The duties imposed upon the landlord for a safe walkway arises when he is held to have reserved such walk for the common use of two or more tenants. The landlord, under such facts, is required to exercise ordinary care to keep the walk in a reasonably safe condition. Schneider v. Dubinsky Realty Co., 344 Mo. 654, 127 S.W.2d 691; Gray v. Pearline, 328 Mo. 1192, 43 S.W.2d 802; Allbritton v. Property Servicing Co., 361 Mo. 1041, 238 S.W.2d 401.

In Woodley v. Bush, Mo.App., 272 S.W.2d 833, we discussed the question of a landlord's liability to a tenant by reason of a fall caused by the natural accumulation of ice and snow upon such a walk. The injury in that case occurred in the City

of St. Louis on the very same day as the injuries for which recovery is here sought. We discussed the matter fully therein and held that the landlord was not liable for injuries caused by a natural accumulation of snow and ice general to the community. It should be noted that the general duty of the landlord, just as that of the employer, is to exercise ordinary care to keep the passage safe.

Turning to the question of the liability of a municipal corporation, we find that although it is required to exercise reasonable care to keep the sidewalks free from dangerous conditions it is not required to remove ice or snow where such condition is general throughout the city. Walsh v. City of St. Louis, 346 Mo. 571, 142 S.W.2d 465.

Likewise an invitor is required to exercise ordinary care to provide a safe passage for the invitee. Oliver v. Oakwood Country Club, Mo.Sup., 245 S.W.2d 37; Douglas v. Douglas, Mo.Sup., 255 S.W.2d 756; Evans v. Sears, Roebuck & Co., Mo. App., 104 S.W.2d 1035.

The plaintiff relies upon the Evans case, last above cited, as it had to do with a customer who fell upon an icy entrance to the defendant's store. This case, however, is not analogous, for the condition of the entrance was not a general condition and the evidence disclosed that sidewalks and other entrances were free from ice and snow.

The degree of care required being the same in the case of landlord, municipal corporation, invitor, and employer, it follows that the liability of one is no greater than that imposed upon the other. The hazards which all are required to protect against must be to some extent greater than those common to the general community, and for this reason the plaintiff failed to make a case properly submissible to the jury and the court should have directed a verdict for the defendant.

For the reasons stated, it is the recommendation of the Commissioner that the cause be reversed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed.

ANDERSON, P. J., and RUDDY and BENNICK, JJ., concur.