**Anita O'BRIEN, Appellant,**

v.

**CITY OF ST. LOUIS, a Municipal Corporation, and Eugene Klein and Helen Klein, Respondents.**

No. 48814.

Supreme Court of Missouri,

Division No. 2.

April 9, 1962.

Gregg Wm. Keegan, St. Louis, Stephen Gilmore, St. Louis, of counsel, for appellant.

Thomas J. Neenan, City Counselor, Alvin J. McFarland, Associate City Counselor, St. Louis, for respondent City of St. Louis.

Willson, Cunningham, McClellan & Gunn, Jerome M. McLaughlin, St. Louis, for respondents Klein.

STOCKARD, Commissioner.

This is an appeal from the judgment of the Circuit Court of the City of St. Louis entered on a jury verdict in favor of the defendants in plaintiff's suit for personal injuries resulting from a fall on a public sidewalk. Plaintiff claimed damages in the amount of $25,000. Appellate jurisdiction is in this court.

On February 3, 1959, about 1:30 o'clock in the afternoon plaintiff left her place of employment at St. Cecelia's Convent in St. Louis, Missouri, to walk home. As she was proceeding eastward on the south side of Bates Street in front of the home of defendants Eugene and Helen Klein she fell and was severely injured. There had been ice and snow when she went to work that morning and it was "slippy," but she said that when she walked home the sidewalks had been cleared. There was, however, some snow or ice on the south side of the sidewalk in the 200 block of Bates Street so she walked on that part next to the street where there was no ice and snow because it "seemed the best place to walk." She stated that she was walking "cautiously" and was "watching where [she] was going," but her left foot hit a depression or hole, or "caught in that hole," and she fell on her right hip. She did not see the hole until after she fell. From photographs in evidence it appears that at the place where plaintiff claimed she fell there was a break in the concrete at the side of the sidewalk with a triangular piece missing, and that a brick had been placed there which was substantially but not entirely even with the concrete. This condition had existed for many years.

The evidence on behalf of defendants was to the effect that on February 3, 1959 there was a general condition of ice and sleet throughout the City of St. Louis, and that this condition existed at the time plaintiff fell. Defendants' evidence was also to the effect that plaintiff did not fall at the place where she said she did, that is, where the above mentioned defect in the sidewalk

was located, but that she fell approximately twenty feet west of that place when she stepped from the gutter onto the ice-covered sidewalk after crossing the street.

On this appeal plaintiff asserts that the trial court erred in admitting testimony of a general icy condition throughout the City of St. Louis and in permitting counsel to comment on it in oral argument. The rule is well established that "A city is not required to remove snow and ice from its sidewalks where such condition is general throughout the city," Walsh v. City of St. Louis, 346 Mo. 571, 142 S.W.2d 465, 466, and the city incurs no liability for injuries resulting from such condition, including injuries "caused by a mere slippery condition of a sidewalk due to a smooth coating of ice or snow, * * * unless such condition was due to a preexisting defect in the sidewalk or to other negligence on the part of the municipality, * * *." 63 C.J.S. Municipal Corporations § 813a(2). See also Rice v. Kansas City, Mo.App., 16 S.W.2d 659; Wolf v. Kansas City, 296 Mo. 95, 246 S.W. 236; Luettecke v. City of St. Louis, 346 Mo. 168, 140 S.W.2d 45; Harding v. City of St. Joseph, 222 Mo.App. 749, 7 S.W.2d 707; McQuillin, Municipal Corporations, 3d ed., § 54.84. It is true that plaintiff contended that she was injured by reason of stepping in a hole in the sidewalk, but the city was authorized to show its version of what occurred and what it contended was the cause of her injuries. One of the pleaded defenses of the City of St. Louis was that the injuries of plaintiff "were the direct and proximate result of the icy condition of the sidewalk which was prevalent and existing generally throughout the City of St. Louis." There was no motion to strike this allegation on the ground that even if true it would constitute no defense, and the issue of whether plaintiff fell "simply and solely because of said sidewalk being coated and covered with ice and sleet, which was general and prevalent throughout the entire city" was submitted to the jury by Instruction No. 5. Plaintiff does not purport to challenge Instruction No. 5 for that reason, but she does attempt to challenge it for another and different reason. Under the city's theory of the case, whether or not there was a general icy condition throughout the city was material and relevant to its pleaded defense, and the city was entitled to produce evidence during the trial to establish that fact, and to comment during oral argument on the evidence pertaining thereto. For these reasons the general assertions by plaintiff in its brief that it was error to do so are without merit.

Plaintiff also asserts that it was reversible error for counsel for the city to mention on voir dire examination that thirty-three witnesses would be called to testify concerning the icy condition throughout the city. In the voir dire examination counsel for the city stated that "we have a list of some thirty or thirty-five persons who slipped on the ice and fell, and these are the names of those persons. I will ask you if you know any of them, because we intend, if needs be, to bring them in to describe the icy condition that was prevalent throughout the city. I am going to read these names to see whether or not you know any of them." Plaintiff then objected "to bringing in thirty or thirty-five witnesses pertaining to the condition of the ice or snow * * * unless it was confined to 214 Bates Street, or in that vicinity." No objection was made to the statement of counsel that the prospective witnesses were persons "who slipped on the ice and fell." Counsel for the city then stated that he would not read all the names of the prospective witnesses but would pick them from various parts of the city. Plaintiff's counsel said, however, that "If he is going to read from a list, let's have the whole list," and the entire list was read.

Plaintiff's objection was premised on the erroneous theory that the city was not entitled to show the general icy condition. It is true that on the voir dire examination there was no occasion for counsel of the city to be arguing his case and commenting

on the expected proof, but plaintiff's objection did not go to those matters and the trial court was not called to rule thereon. In the argument in her brief to this court plaintiff cites and relies on Blackwell v. J. J. Newberry Co., Mo.App., 156 S.W.2d 14, and Trautloff v. Dannen Mills, Mo.App., 316 S.W.2d 866. Those cases did not involve a suit against a city wherein a pleaded defense was that plaintiff's injuries resulted from slipping on ice on a sidewalk when there was a general icy condition throughout the city. We find no matter presented on this appeal which occurred in the voir dire examination which requires reversal of this judgment.

■■■ The fourth point is that the trial court erred in permitting counsel for the city to argue that "others who had fallen at different parts of the city did not make claims for personal injuries." In oral argument counsel for the city commented on the testimony of three witnesses for the city. In referring to the testimony of Sergeant Ketcherside, a police officer, he said: "He steps out of the scout car at the Lucas District Police Station and falls down and cracks his head. They take him to the City Hospital. These [referring to the three witnesses] were all people who had been taken to the City Hospital, but not one claim against the City of St. Louis. People just don't file claims under those circumstances." No objection whatever was made to the above statements; in fact no objection was made to any part of the argument of counsel for the city. Certainly, upon request, plaintiff was entitled to have stricken out the comment that others who fell did not make a claim. But objections to argument are to be made in the trial court, not for the first time in the appellate court. It is the general rule that the effect of improper argument is considered on appeal to have been waived if proper and timely objection is not made to the trial court so that it may, if the improper argument is of the nature subject to corrective action, take appropriate action under the circumstances to remove the prejudicial effect.

Critcher v. Rudy Fick, Inc., Mo., 315 S.W. 2d 421, 428; Blanford v. St. Louis Public Service Co., Mo., 266 S.W.2d 718. We think the effect of the improper argument or comments could have been removed by corrective action on the part of the trial court. This case does not present the situation where a course of wrongful conduct was pursued in violation of the court's ruling, see Dunn v. Terminal Railroad Association of St. Louis, Mo., 285 S.W.2d 701, or where the argument standing alone was so inflammatory and prejudicial to remove the likelihood of a fair trial, Dodd v. Missouri-Kansas-Texas R. Co., 353 Mo. 799, 184 S.W.2d 454, or where the trial court had the duty to act even though no objection is made. See Critcher v. Rudy Fick, Inc., supra. Plaintiff made no objection to the argument and thereby gambled on a favorable verdict. Under these circumstances she is not entitled to complain of the argument on appeal. Reger v. Nowotny, Mo., 226 S.W.2d 596, 598.

■ Plaintiff did not seek to recover for medical and hospital expenses, but the proof of injuries and the treatment therefor necessarily disclosed that she was hospitalized and that she received substantial medical attention. In argument to the jury counsel for defendants Eugene and Helen Klein commented that perhaps some of the jurors had a question about "the doctors' bills and the hospital bills." He then stated, "Gentlemen, they are not in this lawsuit. You have heard nothing about them." Plaintiff objected "to this line of argument" because "its irrelevant and immaterial." The objection was sustained. After a conference at the bench counsel restated to the jury that the doctor and hospital bills were not in the case, and he added that "under our law those are the husband's claims. No doubt, when this suit is completed, Mr. O'Brien will be filing another one against us for those hospital bills and doctor bills." No objection was made to these additional comments. Plaintiff now contends that the trial court erred "in permitting counsel * * * to argue that medical and hospital

bills were not covered in instant case and instead were part of husband's case." We can see no possible error. Counsel told the jury nothing that was not correct according to plaintiff's theory of the case. It is permissible to argue what may be taken into consideration in arriving at the amount of the damages, and it would indeed be a unique rule which would prohibit the jury being told what was not to be considered. In addition, this argument pertained solely to the amount of damages in the event the jury found for plaintiff on the issue of liability, but the verdict was for defendants. See Merritt v. Mantony, Mo., 353 S.W.2d 768.

■ By her points 6, 7, 8 and 9 plaintiff asserts that the trial court erred in giving instructions numbered 4, 5, 8 and 9. At least three of the points are so general that they probably present nothing for review. See Civil Rule 83.05(e), V.A.M.R.; and Domijan v. Harp, Mo., 340 S.W.2d 728. In addition, in violation of Civil Rule 83.05 (a), except possibly as to Instruction No. 5, the challenged instruction or the questioned portion thereof was not set forth in the brief. See Brown v. Thomas, Mo. App., 316 S.W.2d 234, 237. However, there is yet a more impelling reason why there had not been preserved for review any alleged error in these instructions. The only objection to each instruction at the time they were offered was as follows: "Object generally to each and every instruction as offered by the defendants, and reserve my objections to any specific reasons at the time of motion for new trial." It is thus apparent that plaintiff was aware of the provision of Civil Rule 79.03 wherein it is stated that "If any specific objections to instruction have not been made at the trial before submission to the jury, *then such specific allegations of error in instructions must be set forth in the motion for new trial to preserve the error for review.*" However, the only assignment of error in the motion for new trial pertaining to any and all instructions is as follows: "Because the Court erred in giving and reading to the jury each and every instruction offered on bealf of the defendants over and against the objection of the plaintiff."

■ This case was tried on December 14, 1960, and Civil Rule 79.03, effective April 1, 1960, V.A.M.R., is applicable. Under this Rule and Civil Rule 70.02 specific objections to an instruction may be made wholly before submission to the jury, wholly in the motion for new trial, or partly before submission and partly in the motion for new trial, but unless a specific objection is timely made at one place or the other, the alleged errors therein are not preserved for appellate review. Overton v. Tesson, Mo., 355 S.W.2d 909; Sullivan v. Hanley, Mo. App., 347 S.W.2d 710. The sound and logical reason for this Rule is that specific objections to instructions are to be presented to the trial court where the error, if any, can be corrected without the delay and expense of an appeal. If they are not so presented the party is deemed to have waived them. We have, however, carefully examined each instruction to determine whether there exists plain error affecting substantial rights which we may consider in our discretion pursuant to Civil Rule 79.04, V.A.M.R. No such error exists in any of the instructions.

Plaintiff's tenth and last point in its entirety is as follows: "The statements of counsel for defendant city were prejudicially erroneous to plaintiff obtaining a fair trial." This, of course, does not comply with the requirements of Civil Rule 83.05(e), V.A.M.R., pertaining to the statement in a brief of a point relied on. From the argument portion of the brief we find that some of the statements about which complaint is made occurred in the course of the examination of witnesses and some occurred in the oral argument. Only one objection was made to the various statements referred to, and that was sustained. Some we consider trivial and of no consequence. One pertains to the statement, already ruled on, pertaining to the fact that other claims

were not filed. The objection now made to others seems to be based on the erroneous theory that the city could not show a general icy condition and comment thereon. Not only do the statements not fall within the application of Civil Rule 79.04, V.A.M.R., pertaining to plain error affecting substantial rights, the incidents would not constitute reversible error if properly presented.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.