Nora JOHNSON, Plaintiff-Appellant,

v.

Virginia MURPHY, Defendant-Respondent.

No. 32587.

St. Louis Court of Appeals.
Missouri.

June 13, 1967.

Motion for Rehearing or for Transfer to Supreme Court Denied July 7, 1967.

Application to Transfer Denied Sept. 11, 1967.

Harris & Fortus, Norman A. Selner, Clayton, for plaintiff-appellant.

Evans & Dixon, Sam P. Rynearson, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

This is an action for damages for personal injuries incurred when plaintiff fell upon an icy walk on the premises of her employer. There was a verdict and judgment in favor of plaintiff in the sum of $3000, but the trial court sustained defendant's motion for judgment in accordance with her motion for a directed verdict filed at the close of the evidence and plaintiff appealed.

The principal issue presented is whether the evidence, viewed in the light most favorable to the plaintiff, established a case properly submissible to the jury. Plaintiff forthrightly recognizes that in Everett v. Wallbrun, Mo.App., 273 S.W.2d 751, this court held that an employer was not liable for injuries to his employee suffered from a fall on a natural accumulation of ice resulting from a sleet storm general to the community. In reaching that conclusion we relied on two cases denying recovery where the falls involved were caused by the natural accumulation of snow and ice. Woodley v. Bush, Mo.App., 272 S.W.2d 833, that of a tenant on a common walk, and Walsh v. City of St. Louis, 346 Mo. 571, 142 S.W.2d 465, that of a pedestrian on a public sidewalk. We pointed out (273 S.W.2d 753):

"The degree of care required being the same in the case of landlord, municipal corporation, invitor, and employer, it follows that the liability of one is no greater than that imposed upon the other. The hazards which all are required to protect against must be to some extent greater than those common to the general community, and for this reason the plaintiff failed to make a case properly submissible to the jury and the court should have directed a verdict for the defendant."

Plaintiff first seeks to avoid the effect of our decision in Everett v. Wallbrun, supra, by contending that the condition of sleet and ice shown in the evidence was not a condition general throughout the community. On that score plaintiff herself testified that at about 11:00 A.M. on December 21, 1962, the day she fell, a Mrs. Margaret Huber, who lived in defendant's home, told her that it was sleeting. Plaintiff stated that she looked out the window in the breakfast room and saw that it was "slightly sleeting," a "real fine sleet," as she described it. Plaintiff further testified that her son, who was not familiar with the location of defendant's home, was to pick her up in his car, and that about 4:30 P.M. she looked out the front door and saw him drive by. She related that she went down the front walk, looking towards his car, and slipped and fell when she stepped down one step to a lower level of the walk. Plaintiff did not see the sleet or ice on the walk until after she had fallen, she explained, because she was looking towards her son. Plaintiff read into evidence portions of the defendant's deposition, in which defendant related that about 3:00 P.M. of the same day she looked out her front door and saw that sleet or freezing rain was falling, and that it was "getting slippery out." As a consequence, defendant stated, she left earlier than her usual time, to pick up her sons at school in her car. The most revealing evidence as to the weather and the general condition, however, was that given by plaintiff's son, Herbert Lee, who had arranged to call for his mother in his car. His point of departure was not stated, but he did relate that at the time he drove to the defendant's home the weather was very, very cold, that a "mist" or "something like a vapor" was falling, and that there was ice on the

streets. He also said that when he located defendant's house, after some difficulty because he had the wrong address, he observed the landings and walk on defendant's property, and that "There were patches of ice, not completely iced up, but there was a piece here and maybe another piece here, (indicating). You could see it all around."

■ We think the conclusion is inescapable from plaintiff's own evidence that the slippery condition of defendant's walk was a hazard common to the community in which defendant's property was located, caused by the natural accumulation of ice as the result of the inclement weather which prevailed in the area. It follows that under the holding of this court in Everett v. Wallbrun, supra, plaintiff failed to make a case properly submissible to the jury and the court's action in sustaining defendant's motion for judgment in accordance with her ■

motion for a directed verdict at the close of the evidence was correct and proper.

■ Plaintiff also asserts that our holding in Everett v. Wallbrun was wrong and urges us to reexamine it. We reviewed the underlying principle in the recent cases of Root v. Henry, Mo.App., 395 S.W.2d 280 and Loyd v. Levin, Mo.App., 413 S.W. 2d 540 and find no reason to change our opinion.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment is affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.