Astrid E. KAISER, formerly known as Astrid E. Willey, Respondent,

v.

Ida PELLEGRINO, Frank G. Pellegrino, Mercantile Trust Company National Association, Appellants.

No. 41791.

Missouri Court of Appeals, Eastern District, Division Three.

April 29, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 1980.

Robert C. Ely, St. Louis, for appellants.

Robert E. Keaney, St. Louis, for respondent.

CRIST, Judge.

Action to collect damages for an injury plaintiff sustained when she slipped and fell on a patch of ice on defendant's sidewalk. The jury returned a verdict which favored plaintiff in the amount of $9,000. We affirm.

Defendant contends that plaintiff failed to make a submissible case because, "the undisputed evidence is that the patch of ice on which plaintiff slipped was the result of a natural accumulation of ice which was common to the community." *Johnson v. Murphy*, 417 S.W.2d 527, 529 (Mo.App.1967); *Washington v. Sears, Roebuck and Company*, 585 S.W.2d 137, 138 (Mo.App.1979). The sole issue on appeal is whether there existed substantial evidence to submit to the jury the proposition that plaintiff's fall resulted from an unnatural accumulation of ice, which itself was due to defendant's failure to use ordinary care to remedy the alleged unsafe condition of their sidewalk.

■ We view the evidence in light most favorable to plaintiff, together with all reasonable inferences to be drawn therefrom. Defendants' evidence or inferences contrary to the plaintiff's theory of the case must be disregarded. *Russell v. Russell*, 540 S.W.2d 626, 631 (Mo.App.1976).

Plaintiff, a registered nurse, was employed to care for then ailing, now deceased, Frank Pellegrino at the Pellegrinos' home. While at the home on December 26, 1974, plaintiff heard over the radio, news of an impending ice storm. The storm developed as predicted and dropped freezing rain over the area at 9:00 P.M. on December 26, and again at 3:00 A.M. on December 27. However, when plaintiff left for work the morning of the 27th, the temperature had risen and the ice had begun to thaw, leaving water on the streets.

She arrived at the Pellegrinos' and noted several patches of ice on the walkways about the home. Plaintiff specifically noticed ice on the first set of steps leading to the house but remembered it as not slick but, rather, rough in texture. As was her custom, she proceeded to the back door via the sidewalk to the left of the house. She slipped and fell on an ice patch which felt to her like, "a sheet of glass or mirror" as she rounded the corner. She experienced no difficulty walking from the automobile until she met with this particular patch of ice. The spot where the mishap occurred was in front of a downspout which collected precipitation from the east part of the home and emptied directly onto the sidewalk.

By reason of the employer/employee relationship, plaintiff was a business invitee at the time of her injury and, as such, her employer/landowner had a duty to provide a reasonably safe place for her to walk while on the premises. *Enloe v. Pittsburgh Plate Glass Company*, 427 S.W.2d 519, 522 (Mo.1968); *Everett v. Wallbrun*, 273 S.W.2d 751, 752 (Mo.App.1954). Weather conditions being what they were, the jury could reasonably infer that water drained off the roof into the drainpipe and, froze on the sidewalk. Thus, the condition which caused plaintiff's fall was an unnatural accumulation of ice and, because the patch of ice was like glass or like a mirror and caused by water emerging from the downspout, it does not matter that there may have been a more general accumulation of snow and ice in the neighborhood. *Feld v. Frankel*, 351 S.W.2d 755 (Mo.1961); and *Carden v. Lester E. Cox Medical Center*, 519 S.W.2d 338 (Mo.App.1975).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.