Barbara Mae **ASHLOCK**, Appellant,

v.

**CITY OF HERCULANEUM**, Respondent.

No. 47296.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

Application to Transfer Denied
June 19, 1984.

ployees within the meaning of § 287.050, 1974   Mo.Laws 855.

James P. Holloran, St. Louis, for appellant.

John A. Schneider, Hillsboro, for respondent.

CRIST, Presiding Judge.

A jury awarded plaintiff $40,000.00 for injuries she received when she slipped on cinders negligently allowed by defendant city to accumulate on its streets. The trial court granted city's motion for judgment notwithstanding the verdict. We reverse and remand with instructions to enter judgment on the jury's verdict.

Plaintiff was 36 years of age and the mother of four children when the accident occurred. She had lived in Herculaneum while growing up, had moved away, but returned in September of 1976. Plaintiff resided near the corner of Church and Station Streets. Because the Post Office was only three to four blocks away, plaintiff received no home mail delivery service.

As was her custom, plaintiff left her house on April 12, 1977, at approximately 8:30 a.m. for the daily mail. The day was clear, dry and warm. Plaintiff walked on the sidewalk adjacent to Station Street until it intersected with Church Street. As plaintiff attempted to cross Church Street to continue down the sidewalk to the Post Office, she felt something under her foot slip, causing her to lose her balance, fall and sustain severe injury to her ankle.

The primary issue is whether the city breached a duty it owed plaintiff by failing to remove the cinders at the intersection of Church and Station Streets by April 12, 1977. Municipalities have a general duty to maintain streets in reasonably safe condition for travel. *Myers v. City of Palmyra*, 355 S.W.2d 17 (Mo.1962). "(A) city in constructing, repairing and maintaining its streets must act with due care, not only to keep the streets free from dangerous conditions but also while performing any act to repair or maintain them open for public travel." *Davis v. City of St. Louis*, 612 S.W.2d 812, 815 (Mo.App. 1981). Street sweeping is an act done by municipalities to discharge the duty of maintaining open thoroughfares. *Davis, supra.*

Neither the parties to this appeal nor our own research has disclosed a case precisely on point. Defendant was under a duty to remove the snow and ice from its streets and sidewalks. See, generally, *Walsh v. City of St. Louis,* 346 Mo. 571, 142 S.W.2d 465 (1940). In fulfilling its duty defendant spread cinders. Generally "public liability for injuries resulting from defective streets or other public ways may be predicated upon unsafe conditions re-

sulting from acts done by public officers ... where the responsible highway authorities are chargeable with negligence in permitting such conditions to continue, after notice, actual or constructive, of their existence." 39 Am.Jur.2d, Highways, Streets, and Bridges, § 352.

Plaintiff showed defendant scattered cinders on its streets five to six times during the winter of 1976–1977. The cinder pieces were seldom larger than ping-pong balls. Some had flat, smooth surfaces. Occasionally the cinders were as large as baseballs. The city spread cinders throughout its streets but concentrated the cinders at intersections where vehicles needed greater traction. The intersection of Church and Station Streets was heavily cindered at the time of plaintiff's fall, the cinders extending a substantial distance down the street from the crosswalk.

The city had actual knowledge of the danger posed by the accumulated cinders. The street department supervisor testified the cinders were slick to either drive or walk upon. In the past, the city removed the accumulated cinders with brooms and shovels sometime in May. Plaintiff, however, proved little chance of snowfall in Herculaneum, Missouri, during the month of April.

Upon these facts it is clear defendant had a duty to remove accumulated cinders sometime in the spring. We find plaintiff submitted sufficient evidence for the jury to decide whether defendant breached that duty by failing to remove the accumulated cinders at an earlier date.

The next question to be determined is whether plaintiff was guilty of contributory negligence as a matter of law. The city's duty to maintain its streets and sidewalks in a reasonably safe condition does not make the city an insurer of the safety of those using the sidewalks and streets; the sidewalks and streets must be made safe for a person using ordinary care to travel. See, generally, *Hart v. City of Butler*, 393 S.W.2d 568 (Mo.1965).

Plaintiff testified she was aware of the cinders accumulated in the intersection. The cinders looked similar to the pavement, a greyish-black mixture. In order for plaintiff to cross Church Street, she had to pass over the cinder build-up which extended down Church Street from the intersection. Plaintiff stated she was being careful and was looking at the cinders while crossing Church Street.

Ordinarily contributory negligence is for the jury to decide. See *Davenport v. Wabash R.R. Co.*, 435 S.W.2d 641, 646 (Mo. banc 1968). Plaintiff appears to have been making the best of a bad situation. The only reasonable alternative to walking on the cinder build-up on Church Street was to avoid the intersection entirely. Plaintiff testified she was exercising a high degree of care in making the crossing. With no reasonable alternative available to plaintiff to avoid the cinders and no evidence she failed to exercise ordinary care in crossing the street, we find in this case no contributory negligence as a matter of law and therefore no reason to upset the jury's finding on this issue.

The judgment notwithstanding the verdict is reversed. The jury verdict is reinstated and the cause remanded for entry of judgment accordingly.

PUDLOWSKI and SIMON, JJ., concur.